HERBERT A. FREDERICK *v.* GAY'S EXPRESS, INC.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 3, 1942.

 

*Louis G. Whitcomb* and *Raymond V. Denault* for defendant.

*Edwards & Bigelow* for plaintiff.

STURTEVANT, J. This is a tort action in which the plaintiff, Herbert A. Frederick, seeks to recover from the defendant, Gay's Express, Inc., for certain injuries which he alleges resulted to him from an automobile accident claimed to have been caused solely by the defendant's negligence. Trial was by jury before the Bellows Falls Municipal Court, which resulted in a verdict and judgment for the plaintiff, and the case is here upon the defendant's exceptions.

Among the questions raised is one covered by the defendant's exception to the action of the court in refusing to grant its motion for a directed verdict upon the grounds that the evidence considered in the light most favorable to the plaintiff showed that the plaintiff was guilty of contributory negligence as a matter of law. We first give this exception our attention.

Considering the evidence in the light most favorable to the plaintiff, the jury could reasonably have found the following facts.

At about ten o'clock in the evening of November 1, 1939, the plaintiff was driving northerly down a slight grade on Island Street in the village of Bellows Falls. For a period of several years he has been a taxi driver at that village and was engaged in that business at the time of the accident hereinafter described. A truck, consisting of a trailer and a tractor, was standing just easterly of the Harbro Building, so-called, which is on the westerly side of Island Street. The trailer was backed up with its rear to the Harbro Building and the front of it faced east. The tractor was headed northerly and so formed nearly a right angle with the trailer. In this position the truck extended over into the easterly traffic lane of Island Street. There was room for cars to pass easterly of the truck but in doing so the easterly wheels of the car must be driven on the shoulder of the road, leaving the two westerly wheels on the hard surface while so

passing. The truck was stopped at the Harbro Building for the purpose of taking on certain freight and was then being used in connection with the defendant's business. There were no lights on the westerly side of the street. On the easterly side there was a light down near the railroad station, how far from the Harbro Building is not shown, and southerly from where the truck stood and on the easterly side of Island Street there was also an electric street lamp. The place where the truck was parked was dark and it displayed no lights. The weather was clear. The trailer was dark red in color and the tractor was a dark color or black and the road was also dark colored. The road was straight for a distance of more than 200 feet southerly from the place of the accident.

As the plaintiff drove northerly on Island Street approaching the truck just before and at the time of the accident, he was using his low beam lights which threw to the right. He did not see the truck until he was about ten feet from it and being unable to stop, the left front part of his car came into collision with the right rear part of defendant's tractor. Immediately before the collision the plaintiff was driving at a speed of from thirteen to eighteen miles per hour and was giving attention to his driving.

The plaintiff relies upon the case of *Chaffee* v. *Duclos*, 105 Vt. 384, 166 Atl. 2, in support of his contention that the evidence showed him to be free of contributory negligence, but that case is distinguishable from the one at bar. While in the Chaffee case the plaintiff drove his car against the Duclos truck parked without lights on the same side of the highway as Chaffee was proceeding, it appeared from the evidence that Chaffee's car at the time was equipped with lights which answered legal requirements, that is, that the lights on his car were lighted and were sufficient to make substantial objects on the ground clearly visible for a distance of 150 feet straight ahead of his car. It also appeared in that case that because of a curve in the road the lights on the Chaffee car would not pick up the truck until the Chaffee car was close to it. These facts distinguish that case from the one at bar.

Concerning this matter, the plaintiff testified as follows:

"Q. Did you attempt to put your brakes on at all?
A. I did not have time.

Q. How far were you from the truck when you first saw it?
A. Probably 10 feet.

Q. You say you were going along the street, your head lights showing 150 feet ahead and you did not see the truck there until you were 10 feet in front of it?
A. The lights shone by the truck.

Q. I thought you said the truck practically blocked the road?
A. It does, practically.

Q. How did your lights show beyond the truck if it practically blocked the road?
A. I was over the crown of the road on my own side. The lights threw to the right. * * *

Q. Will you tell us the beam that your lights were on?
A. They were on low lights, as I always run around the streets.

Q. That is generally known as low beam?
A. Low beam.''

The plaintiff also testified at another point that the low beam lights on his car threw to the right.

From this it appears that while the plaintiff was contending that his low beam lights would light the road in front of his car 150 feet yet, since they threw to the right and past the truck, in order for them to pick up an object that distance ahead the object must be on the right side of his path. Here the truck occupied only the westerly portion of the path in front of the plaintiff's car and admittedly his lights, because they threw to the right, did not pick up the truck until he was within 10 feet of it.

While it is true that the truck because of its being a dark color was more difficult to see than a light colored one would have been, yet the failure of the plaintiff to have lights which would answer the legal requirements was a proximate cause of

this accident. No matter what may have been the range of the plaintiff's lights, if they were so constructed or operated that they did not properly light the left or westerly side of his path, they were of little assistance or protection to him on this occasion.

From the foregoing it appears beyond question that the defendant's motion for a directed verdict upon this ground should have been granted, and the court's refusal to so do constitutes reversible error.

Our conclusion reached on this question makes it unnecessary to consider other questions raised by the defendant's exceptions.

*Judgment reversed and judgment for the defendant to recover its costs.*