J-S19030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL JOSE SANTIAGO-RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1636 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 7, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002449-2021

BEFORE: DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.: **FILED AUGUST 15, 2024**

Angel Jose Santiago-Rodriguez ("Santiago-Rodriguez") appeals from the judgment of sentence imposed by the Berks County Court of Common Pleas (the "trial court") following his convictions of flight to avoid apprehension, escape, resisting arrest, unsworn falsification to authorities, false identification to law enforcement officer, fleeing and eluding police, and various summary offenses.[1] Santiago-Rodriguez's counsel, Attorney Douglas J. Waltman ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5126(a), 5121(a), 5104, 4904(a)(1), 4914(a)(1); 75 Pa.C.S. § 3733(a).

A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Santiago-Rodriguez's judgment of sentence.

On July 5, 2021, Officer Kevin Mickle observed a silver-colored Ford traveling southbound on Pottsville Pike. Officer Mickle checked the vehicle registration, which indicated that the male co-owner of the vehicle had a suspended license.[2] Officer Mickle observed the driver of the vehicle matched the characteristics of the photograph of the owner on the computer screen. Based upon his observations, Officer Mickle activated his emergency lights, and initiated a traffic stop.

Officer Mickle approached the vehicle and observed the driver and a female passenger. He asked the driver for his license, registration, and insurance information. Santiago-Rodriguez provided Officer Mickle with his registration and insurance but indicated that he did not have his license. Santiago-Rodriguez then provided Officer Mickle with a fake name, "Gerrado Santiago," birthdate and phone number. Officer Mickle could not find the license in the database; he then went back to speak to Santiago-Rodriguez. Officer Mickle informed Santiago-Rodriguez that he would be arrested if he gave false information. Santiago-Rodriguez indicated his license was from Puerto Rico. Officer Mickle then asked dispatch to check the name in Puerto Rico. As Officer Mickle was waiting for the results, Santiago-Rodriguez fled

_____

[2] The vehicle was co-owned by a male and female. Santiago-Rodriguez is not one of the owners of the car.

- 2 -

the scene. Officer Mickle pursued him in his police cruiser. After a chase lasting three to five minutes, during which Officer Mickle indicated he was driving 100 miles per hour in a 55 mile-per-hour zone, Santiago-Rodriguez stopped the car, alighted from the driver's side door, and jumped into the Schuylkill River. Officer Mickle ran after Santiago-Rodriguez, but failed to apprehend him. In the meantime, the female passenger riding with Santiago-Rodriguez drove the car away. Officer Mickle again pursued the vehicle. Upon stopping the vehicle for a second time, Officer Mickle obtained Santiago-Rodriguez's identity from the female driver and found that he was wanted for a felony. Around an hour after the initial traffic stop, police apprehended Santiago-Rodriguez as he was exiting the river. At the time of his arrest, Santiago-Rodriguez was on parole at a treatment facility that he had left on June 13, 2021, without permission and in violation of the rules.

Santiago-Rodriguez filed a pre-trial motion to suppress, arguing that Officer Mickle did not have a reasonable basis for the traffic stop. The trial court held a hearing, after which it denied the motion. The case ultimately proceeded to a jury trial in September 2022, following which the jury found Santiago-Rodriguez guilty of the aforementioned crimes.[3] The trial court sentenced Santiago-Rodriguez to four to nine years in prison, followed by five years of special probation, and the payment of fines.

---

[3] The trial court found him guilty of the summary offenses.

Santiago-Rodriguez filed a notice of appeal nunc pro tunc.[4] Both the trial court and Santiago-Rodriguez have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

Counsel filed an *Anders* brief and petition to withdraw as counsel in this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa. Super. 2020). There are mandates that counsel seeking to withdraw pursuant to *Anders* must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

---

[4] Santiago-Rodriguez's initial appeal was dismissed for failure to file a brief. Subsequently, he filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), seeking the reinstatement of direct appeal rights. The PCRA court granted the petition, and this appeal followed.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on [a]ppellant's behalf).

**Id.** (citations omitted).

Additionally, **Santiago** sets forth precisely what an **Anders** brief must contain:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 2/26/2024. In conformance with **Santiago**, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issue he believes might arguably support Santiago-Rodriguez's

- 5 -

appeal.  *See Anders* Brief at 1.  Counsel's brief further includes discussion of, and citation to, relevant authority in support of his conclusion that the appeal is frivolous.  *Id.* at 2-5.  Finally, Counsel attached to his petition to withdraw the letter he sent to Santiago-Rodriguez, which enclosed Counsel's petition and *Anders* brief.  Petition to Withdraw as Counsel, 2/26/2024.  Counsel's letter advised Santiago-Rodriguez of his right to proceed pro se or with private counsel, and to raise any additional issues that he deems worthy of this court's consideration.  *Id.*

Because Counsel has complied with the procedural requirements for withdrawing from representation, we turn our attention to the issues Counsel identifies in his *Anders* brief[5]: (1) the trial court utilized an incorrect offense gravity score "OGS" when sentencing Santiago-Rodriguez for his conviction of flight to avoid apprehension; (2) the trial court failed to properly weigh mitigating factors when imposing the sentence; (3) the trial court erred in denying his motion to suppress base on the impropriety of the vehicle stop. *See Anders* Brief at 2-5.[6]

---

[5] We note with disapproval that Counsel failed to include a Statement of Questions Involved section in his brief.  This is required by our Rules of Appellate Procedure.  *See* Pa.R.A.P. 2116(a).  Counsel also failed to include a Statement of Jurisdiction, which our rules require.  *See* Pa.R.A.P 2114. Counsel is reminded that compliance with the Rules is not excused in the *Anders* context.

[6] Santiago-Rodriguez filed a pro se response to Counsel's petition to withdraw as counsel, requesting that the petition be denied.  Response at 2.  In the
*(Footnote Continued Next Page)*

The first two issues raised in Santiago-Rodriguez's **Anders** brief are addressed to alleged errors that occurred at sentencing. He first argues that the trial court relied on an improper OGS of five for his flight to avoid apprehension conviction. **See id.** at 2-3. He further argues that the court applied insufficient weight to mitigating factors when rendering his sentence. **Id.** at 3. Both claims challenge the discretionary aspects of his sentence. **See Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (explaining that a sentencing court's application of an allegedly incorrect OGS challenges the discretionary aspects of sentencing); **see also Commonwealth v. Moury**, 992 A.2d 162, 169 (Pa. Super. 2010) (a claim that the sentencing court failed to consider mitigating factors is a challenge to the discretionary aspects of sentencing). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Baker**, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, an appellant must satisfy a four-part test:

_____

response, Santiago-Rodriguez states that if Counsel is permitted to withdraw, he would be forced to litigate legal claims that "he is unskilled to formulate." **Id.** at 3. Santiago-Rodriguez asks that this Court address the claims raised in his concise statement. **Id.** at 4. Santiago-Rodriguez also requests "if this court finds any conflicts between [Santiago-Rodriguez] and present counsel" that we appoint new counsel to represent him on appeal. **Id.** Finally, Santiago-Rodriguez identifies one issue that he states should have been raised on appeal—a photograph that he has of the male co-owner of the vehicle that he asserts should have been admitted into evidence. **Id.** We address Santiago-Rodriguez's additional claim of error below.

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Rivera***, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Lawrence***, 313 A.3d 265, 285 (Pa. Super. 2024) (citation omitted). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation omitted).

Our review of the record reveals that Santiago-Rodriguez properly preserved his discretionary aspects of sentencing claims in a post-sentence motion and filed a timely notice of appeal. ***See*** Post-Sentence Motion, 10/17/2022; ***see also*** Notice of Appeal, 11/4/2022. Although Santiago-Rodriguez has not complied with Pa.R.A.P 2119(f), the Commonwealth does not object to his failure to include a Rule 2119(f) statement; therefore, we may ignore the omission. ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004); ***see also Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa.

Super. 2015) ("Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.").

Santiago-Rodriguez's claim that the trial court relied on an improper OGS raises a substantial question for our review. *See Commonwealth v. Troell*, 290 A.3d 296, 299 (Pa. Super. 2023) (holding that a claim that OGS was incorrectly calculated raises a substantial question). "Generally, we review a misapplication of the Sentencing Guidelines for an abuse of discretion. However, the calculation of the offense gravity score is a matter of statutory interpretation, which raises a question of law. This Court reviews questions of law under a de novo standard of review." *Id.* (citations, quotation marks, and brackets omitted).

We begin with his claim that the trial court incorrectly used an OGS score of five, instead of two, when sentencing him for his conviction of flight to avoid apprehension. Our Crimes Code defines flight to avoid apprehension as a third-degree felony if the defendant willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension[.]" 18 Pa.C.S. § 5126(a). It is a second-degree misdemeanor, however, if "the crime which he has been charged with or has been convicted of is a misdemeanor." *Id.* If flight to avoid apprehension is graded as a third-degree felony, the OGS is five; if it is a second-degree misdemeanor, the OGS is two. 204 Pa. Code § 303.15.

At trial, Santiago-Rodriguez's parole agent, Brian Hess, indicated that Santiago-Rodriguez left a treatment facility in violation of his parole, and a warrant had been issued for failure to comply with treatment. N.T., 9/21-22/2022, at 80-82. Santiago-Rodriguez was on parole for felony robbery and firearms offenses. *Id.* at 81. A parole violator faces his original charges when brought back before the court for resentencing. ***See Commonwealth v. Diaz***, 314 A.3d 852, 854 (Pa. Super. 2024) (finding that "a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment") (citations omitted); ***see also*** 42 Pa.C.S. § 9761(b) ("If the defendant is released by such other authority before the expiration of the minimum time imposed by the court, he shall be returned to a correctional institution of the Commonwealth to serve the time which remains of the sentence."). As Santiago-Rodriguez's flight was to avoid apprehension for his prior felony convictions, not misdemeanors, there is no basis to conclude that the trial court erred by using an OGS score of five. Counsel is therefore correct that raising this issue on appeal would be frivolous.

Turning to his claim that the trial court failed to properly weigh the mitigating evidence at sentencing (including "the fact that he wasn't armed at the time of his offenses, that his parole warrant was based merely on a technical violation of parole …, and that he didn't intend to harm anyone"), this does not raise a substantial question for our review. ***See***

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (stating that the trial court's failure to give adequate weight to mitigating factors does not raise a substantial question).  In any event, it is not within the purview of our review to determine the appropriate weight to be given to mitigating factors by the sentencing court.  *See Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019) (noting that "given our deferential standard of review when considering a challenge to the discretionary aspects of sentencing, it would be inappropriate for us to second-guess the trial court's weighing of [mitigating] factors").  This is particularly true where, as here, the sentencing court had the benefit of a presentence investigation report, which gives rise to the presumption that "the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."  *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (citation and quotation marks omitted).  Therefore, we agree with Counsel that pursuit of this claim on appeal would likewise be frivolous.

In his third claim, Santiago-Rodriguez contends that the trial court erred and abused its discretion by failing to grant his suppression motion. Specifically, he challenges the legality of the traffic stop, which he asserts was made without the requisite reasonable suspicion and contends that because his flight that came after the stop, evidence thereof was subject to suppression as fruit of the poisonous tree.  *Anders* Brief at 4-5.

We review suppression claims according to the following standard: Our standard of review addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

*Commonwealth v. Carey*, 249 A.3d 1217, 1223 (Pa. Super. 2021) (citation omitted).

The Vehicle Code provides: "Whenever a police officer … has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle … to secure such [ ] information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. § 6308(b); *see Commonwealth v. Venable*, 200 A.3d 490, 498 (Pa. Super. 2018). "Reasonable suspicion" is less stringent than probable cause, requiring only that the officer "point to 'specific and articulable facts' leading him to suspect criminal activity is afoot." *Commonwealth v. Holmes*, 14 A.3d 89, 95 (Pa. Super. 2011). To determine if an officer had reasonable suspicion, the totality of the circumstances must be considered. *Commonwealth v.*

***Davis***, 102 A.3d 996, 1000 (Pa. Super. 2014). "In assessing the totality of the circumstances, a court must give weight to the inferences that a police officer may draw through training and experience." ***Id.*** (citation omitted). "Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." ***Id.*** (citation omitted).

Here, on July 5, 2021, Officer Mickle was parked in his patrol car on the median of Route 61, running license plates and registrations. N.T., 9/16/2021, at 4-5. Around 6:00 p.m., Officer Mickle observed a Ford driving southbound, and ran its information through the computer system. ***Id.*** at 6. Officer Mickle discovered that the vehicle was co-owned by a man and a woman, and the male owner had a suspended license. ***Id.*** at 6, 8; ***see also id.*** at 8 (noting the computer showed photographs of the male and female owners of the vehicle). Officer Mickle drove after the Ford to see who was driving, and after pulling next to the vehicle, noticed that the driver had the same characteristics as the male owner of the vehicle, including that he was a white Hispanic man in his 30s, overweight, and had little to no hair. ***Id.*** at 6, 8, 9-10. Because of the similarity between the driver and the owner of the vehicle, Officer Mickle stopped the vehicle. ***Id.*** at 10.

Our case law unquestionably supports a finding that Officer Mickle had reasonable suspicion to believe a violation of the Vehicle Code was occurring

when he knew a co-owner of the vehicle had a suspended license and observed that the driver matched the description of the co-owner on the computer. *See Commonwealth v. Hilliar*, 943 A.2d 984, 990 (Pa. Super. 2008) (holding that officer had reasonable suspicion to conduct traffic stop of vehicle where computer check revealed owner of vehicle had a suspended license and the driver of the vehicle matched the owner's description); *see also Commonwealth v Farnan*, 55 A.3d 113, 118 (Pa. Super. 2012) (concluding that officer articulated sufficient facts to provide reasonable suspicion to support the traffic stop where officer observed a vehicle driven by appellant, who the officer knew had a suspended license).  Therefore, the trial court properly denied the motion to suppress the evidence, and this claim is frivolous.

Lastly, we address Santiago-Rodriguez's claim in his response to the *Anders* brief and Counsel's petition to withdraw that the trial court erred by failing to allow admission of photographs of the real owner of the vehicle.  The record reflects, however, that the Commonwealth presented the photograph of the male owner of the vehicle at the suppression hearing, and the photograph was admitted into evidence.  *See* N.T., 9/16/2021, at 9, 10 (Commonwealth Ex. 1) (noting that the picture that was introduced at the hearing was that of the male co-owner of the vehicle).  Accordingly, this claim is also frivolous.

Our independent review of the record reveals no non-frivolous issues that Santiago-Rodriguez could raise on appeal. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Santiago-Rodriguez's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/15/2024