J-S22012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ELLIS CARTER | : | |
| | : | |
| Appellant | : | No. 1322 WDA 2023 |

Appeal from the PCRA Order Entered October 26, 2023
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000436-2013

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: August 30, 2024**

Todd Ellis Carter appeals *pro se* from the order entered on October 26, 2023, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Carter argues that the PCRA court erred in dismissing his PCRA petition as untimely filed. We affirm.

Before we address the merits of this appeal, we note **with extreme displeasure** the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain a summary of argument and the complete argument for appellee." ***Commonwealth v. Pappas***, 845 A.2d 829, 835 (Pa. Super. 2004) (internal quotation marks and citation omitted). In ***Pappas***, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." ***Id.*** We echo that

opinion and remind the Commonwealth of its obligation to file an advocate's brief in future appeals.

Carter pled guilty to conspiracy to commit robbery, possession with intent to deliver a controlled substance, and simple assault on February 26, 2014.[1] The trial court sentenced Carter on March 26, 2014, to 2-4 years' incarceration and a consecutive period of 2 years' probation. Carter did not file a direct appeal. Carter subsequently was paroled by the Pennsylvania Parole Board. While on parole Carter received new charges. Carter resolved those charges, and the Clarion County Adult Probation Services filed a Violation Notice. After a hearing on the violation, the trial court found Carter had violated his probation and resentenced him to 1-2 years' incarceration on December 21, 2017. Carter filed a *pro se* motion for reconsideration. At that time, Carter was represented by counsel. Counsel requested the trial court treat the motion as a timely post-sentence motion. The trial court agreed and held a hearing on the motion. After the hearing, the trial court denied Carter's post-sentence motion on January 18, 2018. Carter did not appeal.

On February 21, 2023, Carter filed a *pro se* petition for reconsideration and resentencing. The court treated it as an untimely PCRA petition and issued a Rule 907 notice of intent to dismiss. **See** Pa.R.Crim.P. 907. Carter filed a response, however, the PCRA court later dismissed the petition. Carter

---

[1] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 2701(a)(1), respectively.

appealed. This Court noticed that the February 21, 2023, *pro se* petition was Carter's first PCRA petition and ordered the PCRA court to clarify whether Carter is entitled to the appointment of counsel, and if so, appoint counsel to represent Carter. The PCRA court determined that Carter was entitled to counsel and appointed counsel to represent Carter. The PCRA court further gave counsel time to file either an amended PCRA petition or a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) ("**Turner**/**Finley**"). Upon notifying this Court, we vacated the order dismissing Carter's PCRA petition and remanded the matter to the PCRA court for further proceedings.

On September 28, 2023, appointed counsel filed a **Turner**/**Finley** no merit letter and a request to withdraw as counsel. The PCRA court granted counsel's request to withdraw and again issued a Rule 907 notice of intent to dismiss. Carter, once again, responded to the notice, and, just as before, the PCRA court dismissed the petition, this time on October 26, 2023. Carter timely appealed.[2]

---

[2] Carter did not file a Rule 1925(b) statement as ordered by the PCRA court. However, it appears Carter may not have received this order based upon a letter he wrote to the Clerk of Courts indicating his mail was returned to the sender by SCI Forest officials because the mailing did not include the privileged mail coding that is required by the institution. **See** Letter, 11/20/23. We therefore do not find Carter's claims waived due to the failure to file a Rule 1925(b) statement.

Carter now raises the following issues:

Did the PCRA court trial court err based on a misapplication of the law in not correcting [Carter's] illegal sentence in light of clearly establish[]ed case law implemented by the Superior Court of Pennsylvania in interpreting the revoking of probation under the statue(s) (sic) § 9771, § 9721,[ ] and § 9754?

Whether PCRA counsel erred for failure to argue and establish under the law, on [Carter's] behalf, in light of newly discovered case law, in **Commonwealth v. R[o]sario**[,] 294 A.3d 338 [(Pa. 2023)], and **Commonwealth v. Simmons**[,] 262 A.3d 51[2] [(Pa. Super. 2021) (*en banc*)], in which, overturned [**Commonwealth v.**] **Wendowski**[, 420 A.2d 628 (Pa. Super. 1980)] and corrected the illegal revoking of probation that violated statue(s) (sic) § 9771, § 9721, and § 9754?

Appellant's Brief, at 3 (unnecessary capitalization and internal brackets omitted).

"In reviewing a denial of PCRA relief, we look to whether the lower court's factual determinations are supported by the record and are free of legal error. With respect to the PCRA court's legal conclusions, we apply a de novo standard of review." **Commonwealth v. Lopez**, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

We must first determine if this Court has jurisdiction to hear Carter's claims, as "[t]he timeliness of a [PCRA] petition is jurisdictional." **Commonwealth v. Furgess**, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). There are three exceptions to this rule. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Carter acknowledges that the PCRA petition filed on February 21, 2023, over five

years after his judgment of sentence became final, is patently untimely. ***See***
Appellant's Brief, at 10-11. However, Carter asserts he met the timeliness
exception found at subsection 9545(b)(1)(iii), often referred to as the newly
recognized constitutional right exception. ***See id.***

Subsection 9545(b)(1)(iii) provides that a PCRA petition may be filed
more than one year of the date the judgment of sentence becomes final if "the
right asserted is a constitutional right that was recognized by the Supreme
Court of the United States or the Supreme Court of Pennsylvania after the
time period provided in this section and has been held by that court to apply
retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). There are two requirements to
meet this exception. ***See Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa.
Super. 2014).

> First, it provides that the right asserted is a constitutional right
> that was recognized by the Supreme Court of the United States or
> the Supreme Court of Pennsylvania after the time provided in this
> section.
>
> Second, it provides that the right "has been held" by "that court"
> to apply retroactively. Thus, a petitioner must prove that there is
> a "new" constitutional right and that right "has been held" by that
> court to apply retroactively. The language "has been held" is in
> the past tense. These words mean that the action has already
> occurred, *i.e.*, "that court" has already held the new constitutional
> right to be retroactive to cases on collateral review. By employing
> the past tense in writing this provision, the legislature clearly
> intended that the right was already recognized at the time the
> petition was filed.

***Id.*** (brackets and citation omitted, paragraph separated).

Carter relies on our Supreme Court's holding in **Commonwealth v. Rosario**, 294 A.3d 338, 356 (Pa. 2023), that anticipatory revocation of probation is illegal and asserts that **Rosario** applies retroactively to his probation revocation sentence entered on December 21, 2017. **See** Appellant's Brief, at 10. Carter is mistaken.

Our Supreme Court did not hold in **Rosario** that its decision should be applied retroactively. **See Commonwealth v. Diaz**, 314 A.3d 852, 855 (Pa. Super. 2024) (noting that this Court has not held **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), which held that anticipatory revocation of probation is illegal, applies retroactively, and in cases subsequent to **Rosario**, "this Court has declined to give **Simmons** and **Rosario** retroactive effect.") (citations omitted). Moreover, even if the Court did state that **Rosario** should be applied retroactively, **Rosario** did not recognize a new constitutional right. In fact, this Court has held that "[t]he Supreme Court's decision in **Rosario** turned on statutory, not constitutional, grounds[.]" **In re Donahue**, 1304 WDA 2023, *4 (Pa. Super. filed May 13, 2024) (unpublished memorandum).[3]

Carter has failed to establish the timeliness exception as he has not asserted a new constitutional right, rather he merely asserts a change in the way our Courts have interpreted a statutory scheme. **See Rosario**, 294 A.3d

---

[3] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. **See** Pa.R.A.P. 126(b).

at 346. Furthermore, **Rosario** has not been held to apply retroactively by our Supreme Court. Therefore, the PCRA court did not err in finding Carter's PCRA petition was untimely filed, and we lack jurisdiction to consider his claims.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

August 30, 2024