J-S47004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMEEN MCNAIR | : | |
| | : | |
| Appellant | : | No. 810 EDA 2024 |

Appeal from the PCRA Order Entered March 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006577-2009

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.: **FILED FEBRUARY 18, 2025**

Ameen McNair ("McNair") appeals the denial of his petition under the Post Conviction Relief Act ("PCRA").[1] We affirm.

In December 2009, the Honorable Glenn B. Bronson convicted McNair of robbery and criminal conspiracy relating to an incident in which he and a conspirator committed a gunpoint robbery of his grandmother's boyfriend in the man's home in February 2009. In February 2010, Judge Bronson imposed an aggregate sentence of three to six years of imprisonment followed by two years of reporting probation for McNair's offenses. Judge Bronson denied McNair's post-sentence motion. In March 2011, this Court affirmed McNair's judgment of sentence. **See Commonwealth v. McNair**, 26 A.3d 1212 (Pa. Super. 2011) (unpublished memorandum). The Pennsylvania Supreme Court

_____

[1] **See** 42 Pa.C.S.A. § 9541-9546.

denied allowance of appeal. *See Commonwealth v. McNair*, 32 A.3d 1276 (Pa. 2011).

On November 5, 2014, while on parole for the above-referenced case, McNair committed a new robbery and was convicted and sentenced to ten to twenty years of incarceration. Because that robbery constituted a violation of parole in this case, in February 2016, Judge Bronson revoked McNair's parole and anticipatorily revoked probation and resentenced him to a total of five to ten years of incarceration. Judge Bronson denied McNair's reconsideration motion. McNair filed an untimely notice of appeal but was granted reinstatement of his appellate rights. On February 7, 2018, this Court affirmed McNair's judgment of sentence. *See Commonwealth v. McNair*, 2018 WL 770475 (Pa. Super. 2018) (unpublished memorandum). McNair did not seek allowance of appeal.

In July 2018, McNair filed a *pro se* PCRA petition. The PCRA court appointed counsel but later permitted him to withdraw. The court appointed new counsel, who filed a letter in March 2019 pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), averring McNair's petition lacked merit and seeking permission to withdraw. The PCRA court dismissed McNair's petition on July 11, 2019, and permitted counsel to withdraw. McNair did not appeal the court's decision.

In December 2022, instant counsel entered his appearance and in July 2023, filed a PCRA petition. In January 2024, the PCRA court issued a notice

of intent to dismiss pursuant to Pa.R.Crim.P. 907, and in March 2024, dismissed the petition. McNair appealed and instant counsel and the trial court complied with Pa.R.A.P. 1925.

McNair raises two issues for our review:

1. Did the [PCRA] court improperly dismiss [McNair's PCRA] petition as untimely when he met the requirements of the "newly recognized constitutional right exception to the PCRA's time-bar?

2. Did the [PCRA] court err by refusing to analyze whether *Commonwealth v. Rosario*, 294 A.3d 338 (Pa. 2023)[,] applies retroactively under the test laid out in *Teague v. Lane*, 489 U.S. 288 (1989)?

McNair's Brief at 4.

McNair's claims implicate the newly recognized constitutional right exception to the PCRA's jurisdictional time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).[2]

Pennsylvania courts may consider an untimely PCRA petition if the

petitioner explicitly pleads and proves one of three exceptions set forth under

section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

---

[2] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S.A. § 9545(b)(3).

McNair's judgment of sentence became final on March 9, 2018, thirty days after the February 7, 2018, denial of his direct appeal when his time for filing a petition for allowance of appeal in the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). McNair had until March 11, 2019, to file the instant PCRA petition. *See* 1 Pa.C.S.A. § 1908. He filed the instant petition in July 2023. Thus, McNair's petition is facially untimely under the PCRA, which precludes review of the merits of the issues raised in the petition, absent a time-bar exception. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

> Supreme Court of Pennsylvania after the time period provided in this section and **has been held by that court to apply retroactively**.

42 Pa.C.S.A. § 9545(b)(1) (emphasis added). **See Commonwealth v. Leggett**, 16 A.3d 1144, 1147 (Pa. Super. 2011) (holding to establish the new constitutional right exception, a petitioner must show a constitutional right recognized by the United States or Pennsylvania Supreme Courts and deemed retroactively applicable to cases on collateral review at the time the PCRA petition was filed). A PCRA court lacks jurisdiction to entertain an untimely PCRA petition unless a petitioner can plead and prove a time-bar exception and the exercise of due diligence in discovering his claim. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 784 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(2).

McNair combines his two issues, asserting the PCRA court erroneously found he failed to establish the new constitutional right time-bar exception. Although he concedes no Court has held **Rosario** applies retroactively, McNair asserts under the **Teague** framework giving retroactive effect to watershed rules of criminal procedure, he is due relief and resentencing. **See** McNair's Brief at 10-11, citing **Commonwealth v. Washington**, 142 A.3d 810, 813 (Pa. 2016). McNair further asserts when a new rule of substantive constitutional law controls the outcome of a case, the state court must apply the rule retroactively. **See** McNair's Brief at 11-12, citing **Montgomery v. Louisiana**, 577 U.S. 190, 200 (2016). Finally, McNair analogizes this case to

*Commonwealth v. McIntyre*, 232 A.3d 609 (Pa. 2020), in which the Supreme Court found a sentence void *ab initio* because it found the applicable sentencing statute unconstitutional. *See* McNair's Brief at 14.

The PCRA court found McNair's PCRA petition untimely filed, requiring McNair to establish a time-bar exception to obtain review of his petition. The PCRA court held *Rosario* did not recognize a new constitutional right but based its ruling on a "plain language" interpretation of the sentencing code. *See* PCRA Court Opinion, 5/14/24, at 7, citing *Rosario*, 294 A.3d at 346-56. Additionally, the PCRA court noted neither the United States Supreme Court nor the Pennsylvania Supreme Court has held the right announced in *Rosario* applies retroactively. *See* PCRA Court Opinion, 5/24/24, at 7. Because neither Court has so ruled and because *Rosario* does not recognize a new constitutional right, the PCRA court held McNair failed to establish the new constitutional rule exception. *See id*. at 8, citing *Leggett*, 16 A.3d at 1447-48.

The PCRA court additionally determined *Teague*'s retroactivity analysis is irrelevant for the purposes of the newly recognized constitutional right exception. It did so first because neither the United States Supreme Court nor the Pennsylvania Supreme Court has found *Rosario* announces a new constitutional right that applies retroactively, and second because "when considering a facially untimely petition, it is not within [a PCRA court's] purview to conduct a retroactivity analysis." *See* PCRA Court

Opinion, 5/24/24, at 8, citing **Commonwealth v. Reid**, 235 A.3d 1124, 1154, n.18 (Pa. 2020). The PCRA court thus determined it lacked jurisdiction to consider the merits of McNair's substantive claim.

The PCRA court correctly ruled. Neither the United States Supreme Court nor the Pennsylvania Supreme Court had held at the time of McNair's petition **Rosario** announced a new constitutional right that applied retroactively. For that reason alone, McNair failed to establish the application of the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii). **See Commonwealth v. Taylor**, 283 A.3d 178, 187 (Pa. 2022) (stating that the "has been held" language of 42 Pa.C.S.A. § 9545(b)(1)(iii) "means the action has already occurred, *i.e.*, [the U.S. Supreme Court or Pennsylvania Supreme Court] has already held the new constitutional right to be retroactive to cases on collateral review"). In addition, as the PCRA court and panels of this Court have stated, the Pennsylvania Supreme Court decided **Rosario** on statutory, not constitutional, grounds. **See** PCRA Court Opinion, 5/14/24, at 7, citing **Rosario**, 294 A.3d at 346-56. **Accord Commonwealth v. Peiffer**, 2024 WL 4589862 at *3, n.7 (Pa. Super., October 28, 2024) (unpublished memorandum);[3] **Commonwealth v. Stains**, 323 A.3d 234, at *4 (Pa.

---

[3] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

Super. 2024) (unpublished memorandum). Moreover, this Court has declined to give **Rosario** retroactive effect. **See Commonwealth v. Diaz**, 314 A.3d 852, 855 (Pa. Super. 2024). Thus, the PCRA court did not err by finding McNair failed to establish the new constitutional right exception, and that it lacked jurisdiction to conduct a retroactivity analysis on his untimely PCRA petition. **See Reid**, 235 A.3d at 1154, n.18.[4] Because the PCRA court committed no legal error, we affirm the PCRA court's order dismissing McNair's petition.

Order affirmed.

_____

[4] McNair's authority for the proposition a retroactive decision may be applied on PCRA review is inapposite. In **Rivera-Figueroa**, 174 A.3d 674 (Pa. Super. 2017), the Pennsylvania Supreme Court **had** declared unconstitutional the statute that was the basis of the PCRA petition and had also declared a new rule of substantive rule of constitutional law. **See id**., 174 A.3d at 677-78. No such declaration occurred here. Moreover, **Rivera-Figueroa** addressed a **timely-filed** PCRA petition, not an untimely one. **See Commonwealth v. Knecht**, 219 A.3d 689, 692 (Pa. Super. 2019) (holding **Rivera-Figueroa** addressed a timely filed PCRA petition and an untimely filed PCRA petition must prove the application of 42 Pa.C.S.A. § 9545(b)(1)(iii)). **Accord Commonwealth v. Murphy**, 180 A.3d 402, 406 (Pa. Super. 2018). **McIntyre** is similarly inapposite because the Supreme Court had declared the statute at issue unconstitutional and the appellant had filed a timely PCRA petition preserving the claim. **See McIntyre**, 232 A.3d at 619.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025