J-S47002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YUSEF MITCHELL | : | |
| | : | |
| Appellant | : | No. 634 EDA 2024 |

Appeal from the PCRA Order Entered February 9, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0208791-2000

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED FEBRUARY 19, 2025**

Yusef Mitchell ("Mitchell") appeals the denial of his second, counseled petition under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In November 2000, Mitchell pled guilty to conspiracy, violating the Uniform Firearms Act, and possessing a controlled substance with the intent to deliver.  The trial court imposed an aggregate sentence of three to six years of incarceration followed by ten years of consecutive probation.

In April 2006, while on parole in the above-listed case, Mitchell committed new drug offenses for which his parole was revoked and he was ordered to serve one year of imprisonment.  In June 2007, following a violation of probation hearing, the trial court anticipatorily revoked Mitchell's probation in this case and imposed an aggregate term of seven-to-fourteen years of

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

imprisonment. This Court affirmed Mitchell's judgment of sentence. *See Commonwealth v. Mitchell*, 955 A.2d 433 (Pa. Super. 2008). The Pennsylvania Supreme Court denied Mitchell's petition for allowance of appeal on January 27, 2009. *See Commonwealth v. Mitchell*, 964 A.2d 894 (Pa. 2009). Mitchell filed a PCRA petition in October 2009. In February 2011, the PCRA court dismissed Mitchell's petition. This Court affirmed the dismissal. *See Commonwealth v. Mitchell*, No. 496 EDA 2011 (Pa. Super. 2012) (memorandum).

Mitchell filed the instant *pro se* PCRA petition in August 2021. Thereafter, the Defender Association of Philadelphia filed an amended PCRA petition. The parties agreed to stay the instant petition, challenging the legality of anticipatory revocation of probation, pending the Supreme Court's decision of the issue. The Pennsylvania Supreme Court subsequently determined in *Commonwealth v. Rosario*, 294 A.3d 338 (Pa. 2023), that anticipatory revocation of probation is illegal. Following the submission of supplemental briefs, the PCRA court issued a Rule 907 notice of intention to dismiss. On February 9, 2024, the court dismissed Mitchell's PCRA petition. Mitchell timely appealed and he and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Mitchell presents three issues for our review:

1. Did the [PCRA] court err in dismissing [Mitchell's] PCRA petition as time-barred?

2. Did the [PCRA] court err in not exercising its inherent power to correct obvious and patent errors in sentencing orders to vacate [Mitchell's] illegal sentence?

3. Is the PCRA statute unconstitutional as it denies [Mitchell] of substantive due process of law by denying him an avenue to correct [an] obvious and patent[ly] illegal sentence?

Mitchell's Brief at 2-3.[2]

Mitchell's first issue asserts the PCRA court erred by dismissing his PCRA petition as untimely filed because he established the existence of a new constitutional decision retroactively applied under 42 Pa.C.S.A. § 9545(b)(1)(iii).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[2] For ease of analysis, we have reordered Mitchell's issues.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).[3]

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

---

[3] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S.A. § 9545(b)(3).

Mitchell's judgment of sentence became final on April 27, 2009, ninety days after the January 26, 2009, denial of his petition for allowance of appeal, when his time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. Rule 13.1. Mitchell had until April 27, 2010, to timely file the instant PCRA petition. He filed the instant petition in August 2021. Thus, Mitchell's petition is facially untimely under the PCRA, which precludes review of the merits of the issues raised in the petition absent a time-bar exception. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Supreme Court of Pennsylvania after the time period provided in this section and **has been held by that court to apply retroactively**.

42 Pa.C.S.A. § 9545(b)(1) (emphasis added). **See Commonwealth v. Leggett**, 16 A.3d 1144, 1147 (Pa. Super. 2011) (holding to establish the new constitutional right exception, a petitioner must show a constitutional right recognized by the United States or Pennsylvania Supreme Courts and deemed retroactively applicable to cases on collateral review at the time the PCRA petition was filed). A PCRA court lacks jurisdiction to entertain an untimely PCRA petition unless a petitioner can plead and prove a time-bar exception and the exercise of due diligence in discovering his claim. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 784 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(2).

Mitchell asserts under **Rosario** anticipatory revocation sentences are illegal and create a new, substantive rule of law. He argues this Court's ruling in **Commonwealth v. Diaz**, 314 A.3d 852 (Pa. Super. 2024), that **Rosario** does not apply retroactively is "wrong," and **Rosario** clearly announced a substantive, not a procedural, rule. Mitchell's Brief at 16-18.

The PCRA court stated **Rosario** did not create a new constitutional right, stating, "[T]he abrogation of anticipatory revocation represents a significant change in sentencing practice," and noting **Rosario** used the terms "unlawful" and "illegal" but never determined the former practice to be unconstitutional. PCRA Court Opinion, 4/10/24, at 4, quoting **Rosario**, 294 A.3d at 356. The

- 5 -

court also noted the Pennsylvania Supreme Court has never determined *Rosario* applies retroactively. **See** PCRA Court Opinion, 4/10/24, at 5.

The PCRA court's finding is correct; neither the United States Supreme Court, nor the Pennsylvania Supreme Court has held *Rosario* applies retroactively. For that reason alone, Mitchell failed to establish the application of the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii). **See Commonwealth v. Taylor**, 283 A.3d 178, 187 (Pa. 2022) (stating the "has been held" language of 42 Pa.C.S.A. § 9545(b)(1)(iii) "means the action has already occurred, *i.e.*, [the U.S. Supreme Court or Pennsylvania Supreme Court] has already held the new constitutional right to be retroactive to cases on collateral review"). In addition, as the PCRA court and panels of this Court have stated, the Pennsylvania Supreme Court decided *Rosario* on statutory, not constitutional, grounds. **See** PCRA Court Opinion, 4/10/24, at 4, citing *Rosario*, 294 A.3d at 346-56. **Accord Commonwealth v. Peiffer**, 2024 WL 4589862 at *3, n.7 (Pa. Super., October 28, 2024) (unpublished memorandum);[4] **Commonwealth v. Stains**, 323 A.3d 234, at *4 (Pa. Super. 2024) (unpublished memorandum). Moreover, this Court has declined to give *Rosario* retroactive effect. **See Diaz**, 314 A.3d at 855.[5]

---

[4] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

[5] As noted, Mitchell argues *Diaz*'s holding was "wrong." Mitchell's Brief at 17. *Diaz* is a published opinion of this Court. It is beyond this panel's power to

*(Footnote Continued Next Page)*

Thus, the PCRA court did not err by finding Mitchell failed to establish the new constitutional right exception, and that it lacked jurisdiction to conduct a retroactivity analysis on his untimely PCRA petition. *See Commonwealth v. Reid*, 235 A.3d 1124, 1154, n.18 (Pa. 2020).[6]

Mitchell next asserts that *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007) gives a PCRA court the inherent power to correct obvious and patent sentencing errors. *See* Mitchell's Brief at 8-15.

The PCRA court declined to apply *Holmes* to reach the merits of Mitchell's sentencing claim, noting *Holmes* recognized Section 5505 provides a court with only a limited power to alter a sentence after thirty days. *See* PCRA Court Opinion, 4/10/24, at 6. The court concluded *Holmes* did not confer jurisdiction to correct a seventeen-year-old sentence that was not illegal when imposed. *See* PCRA Court Opinion, 4/10/24, at 6.

_____

overrule that decision except where intervening Supreme Court authority calls a previous decision into doubt. *See Commonwealth v. Postie*, 200 A.3d 1015, 1209-30 (Pa. Super. 2018) (*en banc*). No such intervening authority exists.

[6] Mitchell cited authority for the proposition a retroactive decision may be applied on PCRA review is inapposite. In *Rivera-Figueroa*, 174 A.3d 674 (Pa. Super. 2017), the Pennsylvania Supreme Court *had* declared unconstitutional the statute that was the basis of the PCRA petition and had also declared a new substantive rule of constitutional law. *See* 174 A.3d at 677-78. No such declaration occurred here. Moreover, *Rivera-Figueroa* addressed a *timely-filed* PCRA petition, not an untimely one. *See Commonwealth v. Knecht*, 219 A.3d 689, 692 (Pa. Super. 2019) (holding *Rivera-Figueroa* addressed a timely filed PCRA petition and an untimely filed PCRA petition must establish the application of 42 Pa.C.S.A. § 9545(b)(1)(iii)). *Accord Commonwealth v. Murphy*, 180 A.3d 402, 406 (Pa. Super. 2018).

The court properly declined to give **Holmes** the expansive reading Mitchell propounds. In both companion cases addressed in **Holmes** ("**Holmes**" and "**Whitfield**"), a trial court **corrected its own error** more than 30 days after sentencing.[7] **See Commonwealth v. Jackson**, 30 A.3d 516, 520 (Pa. Super. 2011). Further, although **Holmes** recognized Section 5505 has been read to recognize a court's inherent power to correct "obvious and patent mistakes" in its orders, it emphasized such power exists narrowly:

> The exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors.

**Jackson**, **id**., citing **Holmes**, 933 A.2d at 66-67. **Jackson** further explained although **Holmes** recognized the limited authority of a trial court under Section 5505 to correct patent errors in sentences, it "did not establish an alternative remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." **See Jackson**, 30 A.3d at 521-22 (further noting section 9545 jurisdiction was not at issue in **Holmes** and **Whitfield** because the courts amended those sentences within one year of the time they became final). Thus, **Holmes** concluded, because Jackson sought relief nearly 20

---

[7] In **Holmes**, the court had improperly sentenced the defendant for a violation of probation rather than the violation of parole he committed; in **Whitfield**, the court vacated its erroneous sentence for a probation violation when it determined Whitfield's probation had expired at the time of the new offense. **See Jackson**, 30 A.3d at 520.

years after his judgment of sentence became final, he was required to establish a time-bar exception to obtain review of his illegal sentence claim. *See id*. at 521-523 (also recognizing that section 9545 is not amenable to equitable exceptions).[8] Upon review it is clear that the PCRA court properly concluded it lacked inherent power to correct what Mitchell contends was an obvious and patent error.

Finally, although his argument is unclear, Mitchell appears to assert *Montgomery v. Louisiana*, 577 U.S. 190 (2016), applies and compels the grant of relief under the Supremacy Clause of the United States Constitution

_____

[8] Mitchell asserts *Jackson* failed to apply *Holmes* in a time-bar context, and the Pennsylvania Supreme Court failed to correct *Jackson* in *Commonwealth v. McGhee*, 302 A.3d 659 (Pa. 2023). *See* Mitchell's Brief at 11-15. However, in both *Commonwealth v. Whiteman*, 204 A.3d 448 (Pa. Super. 2019); and *Jackson*, 30 A.3d at 521, this Court held we lack jurisdiction to review an illegal sentence claim raised in an untimely PCRA petition. Moreover, we specifically concluded in *Commonwealth v. Concordia*, 97 A.3d 366 (Pa. Super. 2014) that *Holmes* does not permit a court to revise a sentence after 30 days as an "obvious and patent" error where "the issue was not apparent from the record at the time of sentencing[] but is based on a subsequent interpretation of nuanced statutory provisions". *See id*. at 371.

Additionally, *Whiteman* noted the difference a trial court's *sua sponte* correction of its own erroneous sentence in accordance with section 5505, and a sentencing challenge in a PCRA petition. *See Whiteman*, 204 A.3d at 451. Finally, *Whiteman*, noted section 5505 permits modification of orders "[*e*]*xcept as otherwise provided or prescribed by law*," indicating section 5505 contemplates other sources of jurisdiction, whereas the PCRA explicitly states it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purposes[.]" *See id.* at 450-51 (emphasis added).

because there is no means for him to challenge his sentence, rendering the PCRA unconstitutional. **See** Mitchell's Brief at 18-25.[9]

The PCRA court rejected Mitchell's unconstitutionality claim. It noted Mitchell's sentence was not illegal when imposed and recognized the **Rosario** Court was presumably "cognizant of the effect that non-retroactivity would have on cases in a similar posture." **See** PCRA Court Opinion, 4/10/24, at 6-7. It concluded there is no legal vehicle for the court to claim jurisdiction and revise Mitchell's sentence. **See id**. at 6-7.

The PCRA court did not err by rejecting Mitchell's constitutional challenge. **Montgomery** holds, *inter alia*, that when the United States Supreme Court ("SCOTUS") recognizes a new substantive rule of constitutional law, it applies retroactively. **See Montgomery**, 577 U.S. at 199, 212 (holding mandatory sentences of life imprisonment without parole involving Juveniles violates the Eighth Amendment prohibition on cruel and unusual punishment, and explicitly states the decision applies retroactively). **Rosario**, however, did not find a new **constitutional** right or declare the prior sentencing practice unconstitutional. While it is true that if the Supreme Court declares the Constitution establishes a rule and requires its retroactive application, a state court cannot refuse to do so. Here, however, the Supreme

---

[9] Mitchell also asserts a violation of the separation of powers. **See** Mitchell's Brief at 25. He does not explain how a court ruling concerning procedural rules could constitute an unconstitutional judicial usurpation of legislative powers.

Court of the United States did not declare a substantive constitutional violation, and neither did the Pennsylvania Supreme Court for that matter. Thus, **Montgomery** provides no basis for relief. Mitchell does not have a path to challenge a sentence that was legal at the time the sentencing court imposed it where the sentence does not have a federal (or State) constitutional dimension and does not render the PCRA unconstitutional.[10] Thus, no relief is due under Mitchell's Supremacy Clause theory.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2025

---

[10] Moreover, generally even new constitutional rules of criminal procedure, which **Rosario** is not, do not apply retroactively. **See Montgomery**, 577 U.S. at 198, citing **Teague v. Lane**, 489 U.S. 288 (1989). Nor would **Teague**'s two exceptions be a basis for granting relief, because **Rosario** neither announces a new substantive rule of constitutional law, nor constitutes a "watershed rule of criminal procedure" implication the fundamental fairness of the criminal proceeding. **See id**., citing inter alia, **Teague**, 489 U.S. at 307, 312-13.

- 11 -