J-S47014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAHIRE BRISCOLL | : | |
| | : | |
| Appellant | : | No. 688 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003752-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAHIRE BRISCOLL | : | |
| | : | |
| Appellant | : | No. 689 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001565-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAHIRE BRISCOLL | : | |
| | : | |
| Appellant | : | No. 690 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009651-2014

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                 :               PENNSYLVANIA
                                 :

       v.                         :

TAHIRE BRISCOLL                  :

      Appellant         :     No. 691 EDA 2024

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007970-2013

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                 :               PENNSYLVANIA
                                 :

       v.                         :

TAHIRE BRISCOLL                  :

      Appellant         :     No. 692 EDA 2024

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005665-2013

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED APRIL 25, 2025**

Tahire Briscoll ("Briscoll") takes these five appeals from the judgments of sentence imposed after the trial court found him in technical violation of probation ("VOP") on the consolidated matters before us.[1] We affirm in part, vacate in part, and remand for resentencing consistent with this decision.

---

[1] This Court *sua sponte* consolidated these appeals.

The trial court summarized the procedural history of these appeals as

follows:

[Briscoll] was charged on five different bills of information from 2013 to 2015 as indicated in the caption of this appeal. On docket[] CP-51-CR-0005665-2013[, Briscoll] was charged with receiving stolen property . . . , firearms not to be carried [without a] license . . . and carry firearms public in Phila[delphia] . . . ; on docket CP-51-CR-0007970-2013[, Briscoll] was charged with firearms not to be carried [without a] license . . . and carry firearms public in Phila[delphia] . . .. In both matters, on August 8, 2013, [Briscoll] entered into a[] negotiated guilty plea before the Hon. Frank Palumbo to the sole charge of firearms not to be carried [without] a license[, graded as third-degree felonies] and was sentenced [to four] to [twenty three] months [of] county [imprisonment] with immediate parole followed by [three] years [of] consecutive probation on each case to run concurrently [(hereinafter, "the gun cases")]. The remaining charge[s were] nolle prossed.

For docket CP-51-CR-0009651-2014, [Briscoll] was arrested and charged with theft by unlawful taking - movable prop[erty] . . ., receiving stolen property . . ., [and] theft from a motor vehicle . . .. The Hon. Abbe Fleteman accepted a negotiated guilty plea on the charge of theft [by] unlawful taking[, graded as a third-degree felony,] on April 1, 2015, and sentenced Appellant time served to [twenty-three] months [of] incarceration with immediate parole followed by four years [of] consecutive probation [(hereinafter, "the theft case")]. On the same date, the Hon. Frank Palumbo issued the same sentence on the direct VOP for [the gun] cases to run concurrently.

On docket CP-51-CR-0001565-2019[, Briscoll] was arrested and charged with manufacture, delivery, or possession with intent to manufacture or deliver [a controlled substance] (["]PWID["]) . . ., and int[entional] poss[ession of] contr[rolled] subst[ance] by per[son] not reg[istered] . . .. [Briscoll] entered into another negotiated guilty plea before the Hon. Frank Palumbo on the sole charge of PWID . . . on April 12, 2019. The [c]ourt issued a sentence of [six] to [twelve] months [of] incarceration with immediate parole to house arrest [(hereinafter, "the first PWID case")]. The [c]ourt also addressed the direct VOPs for [the gun cases, his second such violation, and the theft case, his first

- 3 -

violation] and sentenced [Briscoll to six] to [twelve] months [of] incarceration with immediate parole followed by [two] years [of] reporting [probation] on all three matters to run concurrently.

[Briscoll] was again arrested and charged on docket CP-51-CR-0003752-2021, with [PWID] . . ..  On July 30, 2021[, Briscoll] entered a negotiated guilty plea before th[e trial c]ourt on the sole charge of PWID[(hereinafter, the "second PWID case".)]  The plea and sentencing agreement included a [Pa.R.Crim.P. 701 consolidation] of . . . four [VOPs, *i.e.*, the third VOP in the gun cases, the second VOP in the theft case, and the first VOP in the first PWID case.[2]]  [Briscoll] was sentenced to an aggregate sentence of [eleven-and-one-half to twenty-three] months [of] incarceration followed by [three] years [of] reporting probation on all five cases.

[The] VOP hearing[, which gives rise to this appeal] took place before th[e c]ourt on February 1, 2024 where probation was revoked for technical violations on all five dockets.[3]  [Briscoll]

_____

[2] We note there was no indication the trial court originally imposed a probationary sentence in April 2019 for the court to revoke in July 2021.  To the extent the trial court revoked parole, it could only require Briscoll to serve back time.  **See Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2007).  However, this anomaly is beyond the scope of this appeal because the July 2021 sentence became final and is presently revoked without Briscoll ever challenging the July 2021 sentence in a direct appeal or a Post Conviction Relief Act petition.  **See Commonwealth v. Diaz**, 314 A.3d 852, 855 (Pa. Super. 2024) (refusing to consider a challenge to the legality of prior revocations in light of the changes in the law regarding anticipatory revocations of probation), *appeal denied*, --- A.3d ---, 2025 WL 210027 (Pa. 2025); **Commonwealth v. Jeffery**, 329 A.3d 670, 2024 WL 4635260 (Pa. Super. filed Oct. 31, 2024) (unpublished mem. decision at *1-2) (refusing, in an appeal from the VOP sentence, to consider whether an original sentence exceeded the permissible maximum imposed); **see also** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

[3] Specifically, Briscoll's probation officer testified Briscoll's reporting was "marginal" and Briscoll regularly tested positive for opiates and benzodiazepines.  **See** N.T., 2/1/24, at 14-15, 18-19.  After a lengthy discussion with the trial court about whether Briscoll had a prescription for opiates, Briscoll admitted he obtained a fake prescription.  **See id**. at 28-32.

was resentenced [to three] to [six] years [of] state incarceration followed by [two] years [of] consecutive reporting probation, on [the gun cases]. [Briscoll] received the same sentence[s] for the [first and second PWID cases]. On docket [for the theft case, Briscoll] was sentenced [to one] to [two] years [of] state incarceration. [The sentences in each case were ordered to run concurrently].

Trial Ct. Op., 4/22/24, at 1-3 (footnotes and some capitalization omitted).

Briscoll timely filed motions to reconsider the sentences, which the trial court did not rule on, and then filed timely notices of appeal on March 1, 2024.[4] Briscoll filed a Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive Rule 1925(a) opinion.[5]

_____

[4] The trial court suggested that these appeals were premature because the court did not rule on Briscoll's motions to reconsider the sentences. However, Briscoll's post-sentence motions did not toll the time for appealing the VOP sentences, and because the trial court did not grant reconsideration, Briscoll was required to file his notices of appeal within thirty days of the imposition of the sentences. *See* Pa.R.Crim.P. 708(E).

[5] The trial court originally ordered Briscoll to file Rule 1925(b) statements by March 25, 2024. On March 18, 2024, Briscoll timely requested an extension of time to file his Rule 1925(b) statements because the transcript of the VOP hearing had not yet been prepared. The trial court did not expressly rule on the request for extensions of time. Thereafter, Briscoll filed "final" Rule 1925(b) statements on March 26, 2024, one day after the original deadline set by the trial court. The trial court's Rule 1925(a) opinions addressed the issues raised in the March 26, 2024 Rule 1925(b) statements.

Although Briscoll's "final" Rule 1925(b) statements were facially untimely, we decline to find waiver. The trial court's order requiring the filing of Rule 1925(b) statements did not strictly comply with the content requirements of such an order. *See* Pa.R.A.P. 1925(b)(3); ***Commonwealth v. Stroud***, 298 A.3d 1152, 1156 (Pa. Super. 2023). The dockets also do not show service of the orders requiring Rule 1925(b) statements. ***See In re L.M.***, 923 A.2d 505, 510 (Pa. Super. 2007). Moreover, the facially untimely filing of the Rule 1925(b) statements would constitute *per se* ineffective assistance of counsel
*(Footnote Continued Next Page)*

Briscoll raises the following issues for our review:

1. Did the lower court err by imposing illegal sentences of [eight] years [of] supervision on two charges of 18 Pa.C.S.[A.] § 6106, carrying a concealed firearm without a license, that were felonies of the third degree with a maximum sentence of [seven] years?

2. Did the court abuse its discretion by failing to give proper consideration to . . . Briscoll's personal needs and mitigating factors, and as a result is the sentence contrary to the fundamental norms underlying the sentencing process and manifestly unreasonable and excessive?

Briscoll's Br. at 4.

Briscoll's first issue challenges the legality of the VOP sentences imposed on the gun cases.

A claim the sentence exceeds the statutory maximum raises a legality challenge. **See Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013). Our standard of review for a challenge to the legality of sentencing is *de novo* and our scope of review plenary. **See Commonwealth v. Perzel**, 291 A.3d 38, 45 (Pa. Super. 2023).

We need not discuss in detail Briscoll's challenge to the legality of the VOP sentence in the gun cases because we agree with Briscoll's argument, and both the trial court and the Commonwealth concede relief is due. **See** Briscoll's Br. at 13-14; Trial Ct. Op., 4/22/24, at 6; Commonwealth's Br. at 7.

---

warranting remand. **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009) (*en banc*). Here, a remand is unnecessary because the trial court addressed the merits of the issues raised in the March 26, 2024 Rule 1925(b) statements. Accordingly, we will address the issues raised in these appeals.

Put simply, the gun cases involved third-degree felonies, which carried maximum sentences of seven years, *see* 18 Pa.C.S.A. § 1103(3), and the sentences of three to six years of imprisonment followed by two years of probation exceeded the maximum allowable sentence. *Cf*. *Commonwealth v. Crump*, 995 A.2d 1280, 1285 (Pa. Super. 2010) (noting that a court cannot give a split sentence where the period of incarceration and period of probation exceed the statutory maximum). Accordingly, we vacate the sentences for the gun cases, listed at CP-51-CR-0005665-2013 and CP-51-CR-0007970-2013.[6]

Briscoll's second issue challenges the discretionary aspects of the trial court's sentences.[7] Regarding a challenge to the discretionary aspects of a VOP sentence, we have stated:

_____

[6] Although the first and second PWID cases were listed as ungraded felonies, it appears they involved Schedule II substances. *See* Information, CP-51-CR-0003752-2021, 5/4/21, at 1 (listing the drugs involved as including oxycodone and amphetamines); N.T., 7/30/21, at 13; Information, CP-51-CR-0001565-2019 (listing the drugs involved as including amphetamines); *see also* 35 P.S. § 780-104(2)(i)(1) (listing oxycodone as a Schedule II drug), (iii)(1) (listing amphetamines as a Schedule II drug). Therefore, the maximum permissible sentence for each PWID case was fifteen years of imprisonment. *See* 35 P.S. § 780-113(f)(1); *see also* Trial Ct. Op., 4/22/24, at 7. Therefore, the sentences of three to six years of imprisonment plus two years of probation in the PWID cases did not exceed the maximum permissible sentences.

[7] Although we have vacated the two of the five sentences at issue in these appeals, Briscoll's discretionary aspects of sentencing claim is not moot because the trial court imposed the same term of three to six years of imprisonment plus two years of probation in the PWID cases, to run concurrently with the gun cases.

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020) (internal citation and quotations omitted).

Here, Briscoll filed timely appeals and timely motions to reconsider the sentences in each of the five cases. However, our review constrains us to conclude Briscoll raises appellate arguments—namely, that the trial court failed to consider the mitigating evidence of his addiction and mental health issues, and the difficulties he faced weaning off drugs, *see* Briscoll's Br. at 12—that he did not preserve at sentencing or in his motions to reconsider. Briscoll did not highlight his addiction or mental health issues as mitigating factors at the VOP sentencing hearing, nor did he specify that the trial court failed to consider such information in his motions to reconsider the sentences.[8]

_____

[8] In all five cases, Briscoll filed the same motion to reconsider, wherein he generally alleged the trial court

> failed to adequately examine and investigate [his] background, character, and rehabilitative needs; . . . failed to state sufficiently adequate reasons for imposing the new sentence; and did not order or consider a pre-sentence report and/or place the [c]ourt's

*(Footnote Continued Next Page)*

Indeed, while Briscoll's appellate brief relies heavily on information from a 2021 FIR chemical dependency evaluation, *see id*. at 5-7, 15-17, 20, that evaluation was not referred to at the VOP hearing, admitted into evidence, referenced by the trial court, or contained in the records transmitted to this Court. For these reasons, Briscoll has waived his arguments concerning the discretionary aspects of the sentences, and we will not address them in this appeal. *See Commonwealth v. Moury*, 992 A.2d 162, 172 (Pa. Super. 2010).[9]

In sum, we vacate the sentences imposed in the gun cases listed at CP-51-CR-0005665-2013 and CP-51-CR-0007970-2013 because they exceeded the permissible statutory maximums. We further conclude Briscoll did not preserve challenges to the remaining concurrent sentences in the PWID and theft cases. Because our decision does not affect the overall sentencing

---

reasons for dispensing with such a report on the record as required by Pa.R.Crim.P. 702.

*See* Pet. to Vacate and Reconsider Sentence, CP-51-CR-0003752-2021, 2/9/24, unnumbered at 2. Notably, the motions to reconsider did not mention addiction or mental health issues, and aside from references to Briscoll's probation officer's recommendation that Briscoll undergo a forensic intensive recovery ("FIR") chemical dependency evaluation and participate in a FIR program, the motions did not mention a 2021 FIR evaluation or the contents of that evaluation.

[9] Furthermore, although Briscoll's brief included a Rule 2119(f) statement, his boilerplate assertions that the trial court sentenced him in violation of 42 Pa.C.S.A. § 9721(b), which resulted in an aggregate sentence that was "manifestly unreasonable, excessive, and not individualized" would not have raised a substantial question for review. Briscoll's Br. at 9; *see Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018); *Commonwealth v. Gibbs*, 981 A.2d 274, 283 (Pa. Super. 2009).

scheme of the trial court, and under the circumstances of this case, we vacate the sentences in the gun cases and remand for resentencing in those cases only, as the trial court and the parties have requested. **See** Trial Ct. Op., 4/22/24, at 6; Commonwealth's Br. at 7; Briscoll's Br. at 15 (stating, "The sentences on CP-51-CR-0005665-2013 and CP-51-CR0007970-2013 are illegal and must be vacated and these two cases must be remanded for correction and resentencing by the trial Court"). We affirm the sentences imposed in the PWID cases and the theft case.

The judgments of sentence at CP-51-CR-0009651-2014, CP-51-CR-0001565-2019, and CP-51-CR-0003752-2021 are affirmed. The judgments of sentence at CP-51-CR-0005665-2013 and CP-51-CR-0007970-2013 are vacated and remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/25/2025