J-S26008-23

2024 PA Super 60

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAUL DIAZ | : | |
| | : | |
| Appellant | : | No. 1919 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 23, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0710211-2004,
CP-51-CR-1003521-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAUL DIAZ | : | |
| | : | |
| Appellant | : | No. 1921 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 23, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1003521-2005

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

OPINION BY STABILE, J.: **FILED MARCH 27, 2024**

Raul Diaz, Appellant, was charged with drug related offenses in the two above-captioned cases. He was most recently resentenced in both cases on June 23, 2022, by the Court of Common Pleas of Philadelphia County (VOP court) after his probation was revoked. Appellant now argues that his current sentence is illegal because at an earlier resentencing for the same two cases

in 2009, the VOP court had anticipatorily revoked his probation before the probationary term had begun. He relies primarily on **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), where we held that the anticipatory revocation of probation is inconsistent with the Sentencing Code. Finding no basis to conclude that **Simmons** affords relief, we affirm.

On October 4, 2004, in case number CP-51-CR-0710211-2004, Appellant pleaded guilty to one count of possession with intent to deliver ("PWID"), and he was sentenced to one year of intermediate punishment. While still serving that sentence, Appellant was charged on November 21, 2005, with new offenses in case number CP-51-CR-1003521-2005, and he pleaded guilty to one count each of PWID and criminal conspiracy to sell a controlled substance.

On February 21, 2006, Appellant was resentenced as to the 2004 case and sentenced as to the 2005 case. He received concurrent sentences of 11.5 to 23 months, followed by 3 years of probation. He was granted early parole in both cases on August 10, 2006. Appellant's probationary term of the sentence did not commence until October 7, 2007. On April 10, 2007, while serving parole, Appellant was arrested in connection with new drug related offenses.

On April 16, 2009, the VOP court revoked Appellant's probation from the 2004 and 2005 cases, determining that he had violated the terms of his probationary sentence. This was an anticipatory revocation of probation because that portion of the sentence had not yet begun at the time the alleged

violations occurred. As to both the 2004 and 2005 cases, the VOP court resentenced Appellant to concurrent prison terms of 3 to 6 years, followed by 4 years of probation.

Several years later, in 2018, while still serving the probationary term imposed in 2009 on his 2004 and 2005 cases, Appellant again violated the conditions of probation, and it was once more revoked. On March 27, 2018, Appellant was resentenced in both cases to 3 years of probation.

While serving this most recent probationary term, Appellant once again was charged with new drug offenses. The VOP court found that the charges constituted a violation of Appellant's probation, and probation was revoked. On June 23, 2022, the VOP court resentenced Appellant to concurrent prison terms of 2.5 to 5 years on the 2004 and 2005 cases. He was awarded 43 months of credit for time served as to both cases. **See** Sentencing Hearing Transcript, 6/23/2022, at 39.

Appellant timely filed a notice of appeal. He then filed a 1925(b) statement in which he claimed that he received an illegal sentence on June 23, 2022, because it was derived from an anticipatory revocation of probation on April 16, 2009. The VOP court did not enter a 1925(a) opinion. In his brief, Appellant asserts the single claim raised in his 1925(b) statement.

Central to Appellant's claim is that he is entitled to relief pursuant to this Court's decision in **Simmons**, in which we held that a court may not "anticipatorily revoke an order of probation" while a defendant is still on parole from a prison sentence. **See Simmons**, 262 A.3d at 524. Based on that

- 3 -

holding, Appellant argues that since his probation was anticipatorily revoked in 2009, the sentence imposed in that year was illegal, rendering all his *subsequent* sentences illegal as well, including those imposed in 2018, and most recently on June 23, 2022.

The Commonwealth responds that the anticipatory revocation of Appellant's probation in 2009 is not illegal because **Simmons** was decided over a decade after that revocation occurred. Construing the revocation in 2009 as a *legal* sentence, the Commonwealth reasons that **Simmons** cannot provide Appellant relief because the opinion does not apply retroactively. Further, the Commonwealth argues that the intervening sentences Appellant received in 2018 and 2022 did not arise from an anticipatory revocation of probation, so even if the prior sentence from 2009 was illegal, it is not before this Court and cannot be the basis for appellate relief.

"[A] court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence." **Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2007). "In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment[.]" **Id**.

When considering "a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to

- 4 -

the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted).

In the case at hand, Appellant challenges a judgment of sentence entered on June 23, 2022, and the alleged illegality of that sentence stems from an anticipatory revocation of probation in a *prior* sentencing that occurred in 2009. Appellant contends that the VOP court was bound to recommit him to the remainder of his sentence imposed in 2006 rather than resentence him to the new prison term imposed in 2009.

The opinion relied upon by Appellant – **Simmons** – was decided several years after that date. As was the more recent case, **Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023), where our Supreme Court broke from 40 years of precedent in approving of our holding in **Simmons**.

Nevertheless, Appellant presumes that the prohibition on the anticipatory revocation of probation applies retroactively back to the date of his 2009 sentence. He argues that since **Simmons** and **Rosario** render the 2009 sentence illegal, he now has a nonwaivable illegal sentence which can be challenged along with his new sentence in 2022. **See Milhomme**, 35 A.3d at 1222 (holding that where an original probation sentence is illegal, all subsequent revocation sentences are likewise illegal).

We find Appellant's argument to be flawed in several respects. To begin, this Court did not expressly hold in **Simmons** that the prohibition on anticipatory revocations would apply to sentences imposed before that case

- 5 -

was decided, and our Supreme Court was likewise silent in that regard in **Rosario**. In subsequent, albeit non-binding, decisions, this Court has declined to give **Simmons** and **Rosario** retroactive effect. **See e.g., Commonwealth v. Frye**, Nos. 493 EDA 2023, 494 EDA 2023 (Pa. Super. November 14, 2023) (unpublished memorandum) ("Our ruling in **Simmons** was not held to be retroactive[.]"); **see also Commonwealth v. Wells**, No. 2786 EDA 2022 (Pa. Super. November 20, 2023) (unpublished memorandum) ("**Rosario** has not been held to apply retroactively."). Appellant has not acknowledged those decisions, much less distinguished them in his brief.

Additionally, the only judgment of sentence now before this Court on direct appeal is the one entered on June 23, 2022. His prior sentences, including those imposed in 2009 and 2018, are of no moment because they long have been final. Appellant is therefore precluded from disturbing those prior sentences at the present juncture, when only his present sentence is before us. **See Commonwealth v. Infante**, 63 A. 3d 358, 368 (Pa. Super. 2013)("Appellant's failure to dispute his original sentence in a timely manner does not foreclose a court, including this one, from correcting the subsequent sentence imposed following probation revocation, if that later sentence is illegal and we have jurisdiction to correct it.").

To determine the legality of the sentence imposed in 2022, this Court need only consider whether, by revoking Appellant's final judgment of probation imposed in 2018 and resentencing him, the VOP court imposed a

term in accordance with the sentencing options available at the time of the offense dates in 2004 and 2005. **See generally** 42 Pa.C.S.A. § 9771(b) (upon revocation of probation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing). At the 2022 proceedings, the VOP court revoked Appellant's probation and resentenced him in both cases to concurrent terms of 2.5 to 5 years, with 43 months of credit time served. Appellant does not dispute that this was within the maximum possible sentence that could have been imposed at the time of his original sentences in 2004 and 2005. Thus, the current judgment of sentence must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/27/2024