J-S03014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                      :           PENNSYLVANIA
                                                      :

                     v.                            :
                                                      :

SHAWN ALAN BRACKEN           :
                                                      :

             Appellant            :      No. 486 WDA 2024

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0000730-2012

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED: April 15, 2025**

Shawn Alan Bracken appeals *nunc pro tunc* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-46. We affirm.

This Court previously summarized the pertinent facts and prolonged procedural history of this case as follows:

> On August 8, 2014, [Bracken] pled guilty to indecent assault of a person less than thirteen years of age, endangering the welfare of children ("EWOC"), and child pornography based upon [Bracken's] sexual abuse of his daughter. That same day, [Bracken] was sentenced pursuant to the plea agreement as follows: three to six years of incarceration for indecent assault, five years of probation for EWOC, and five years of probation for child pornography. The probation sentences were to run concurrent to each other and consecutive to the term of incarceration. [Bracken] did not timely file post-sentence motions or a direct appeal to this Court. Instead, what followed was a hotchpotch of PCRA and revocation proceedings.

[Bracken] initiated his first PCRA proceedings by filing a motion seeking credit for time served on house arrest. The trial court did not consider the filing as a PCRA petition, instead denying it as an untimely post-sentence motion. [Bracken] *pro se* filed a notice of appeal to this Court and, upon [Bracken's] request, the trial court appointed [first PCRA counsel] to represent [Bracken]. Upon review, this Court reversed the denial order and . . . remanded for the PCRA court to consider the motion for credit as a first PCRA petition. *See Commonwealth v. Bracken*, 158 A.3d 179 (Pa. Super. 2016) (judgment order).

Meanwhile, on the same day that [Bracken] filed a notice of appeal from the court's denial of his motion for time credit, the Commonwealth filed a motion to revoke [Bracken's] probation based upon a violation of the conditions of his supervision. At the time, [Bracken] had not yet begun to serve his probationary tail. On July 1, 2016, during the pendency of the above-referenced appeal, the trial court anticipatorily revoked [Bracken's] probation sentences and resentenced him to one to six years of incarceration at both the EWOC and child pornography convictions. The revocation sentences were to run concurrent to each other and consecutive to the originally-imposed term of incarceration of three to six years for indecent assault. Thus, [Bracken's] new aggregate sentence of incarceration was four to twelve years. [Bracken] did not seek to challenge this sentence through a direct appeal.

Upon remand from the Court, which postdated the revocation proceedings, the PCRA court commenced [Bracken's] first PCRA proceedings. [First PCRA counsel] filed a PCRA petition in 2017, an amended petition in 2019, and an amended petition in 2020. Following a hearing, the court denied [Bracken's] PCRA petition. [Bracken] timely filed a notice of appeal but [first PCRA counsel] failed to file a docketing statement pursuant to Pa.R.A.P. 3517. Therefore, this Court dismissed the appeal on March 2, 2022, thereby bringing [Bracken's] first PCRA proceedings to an end.

On May 5, 2022, [Bracken] initiated [subsequent] PCRA proceedings. Specifically, [Bracken] *pro se* submitted a letter to the PCRA court, along with two filings. First, he submitted a PCRA petition raising an ineffective assistance claim against [first PCRA counsel] for failing to file a docketing statement and an illegal sentencing claim based upon *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021) (*en banc*) (holding that a trial court

may not anticipatorily revoke a defendant's probation before the probationary period begins). [Bracken] also filed a motion to correct an illegal sentence, raising the same ***Simmons*** claim.

In response to these filings, the PCRA court appointed [second PCRA counsel]. Although [Bracken's] claims were cognizable under the PCRA and raised within a PCRA petition, [second PCRA counsel] separated out the ***Simmons*** claim. In doing so, [second PCRA counsel] attempted to circumvent the parameters of the PCRA by filing a new motion to correct illegal sentence. Then, [second PCRA counsel] sought and was granted several extensions to file an amended PCRA petition[.]

Dealing first with the motion to correct illegal sentence, the PCRA court held a hearing on July 14, 2022, regarding the retroactivity of our decision in ***Simmons***. Thereafter, it held the disposition of the motion under advisement and ordered briefing on the retroactivity question. On August 23, [2023], the court issued an order and opinion disposing of the motion. In its recitation of the procedural history, the court noted that [Bracken's] "amended PCRA petition or no merit letter is due on or before September 6, 2022." Thus, it was apparent that an amended petition or no-merit letter was forthcoming. Nonetheless, the court determined that the motion to correct illegal sentence was cognizable under the PCRA and [Bracken] had failed to plead and prove a statutory exception to the PCRA's time bar. Accordingly, it dismissed [Bracken's motion to correct illegal sentence] as an untimely PCRA petition.

***Commonwealth v. Bracken***, 297 A.3d 737, *1-2 (Pa. Super. 2023) (nonprecedential decision) (citations to record and footnote omitted).

After reciting the above procedural history, this Court concluded that, because Bracken's subsequent PCRA petition was still pending, Bracken's appeal was improperly appealing "from an interlocutory order that dismissed only a portion of a PCRA petition." ***Id.*** at *4. We, therefore, found Bracken's appeal to be premature and quashed it. In a footnote, we stated that Bracken "may challenge the PCRA court's rejection of his illegal sentencing claim by

appealing from the final order that disposes of all pending PCRA claims." **Id.** at *4 n.2.

At a hearing held following remand of the record, third PCRA counsel[1] argued that first PCRA counsel was *per se* ineffective for failing to file a docketing statement which resulted in the dismissal of Bracken's appeal from the denial of his first PCRA petition. The PCRA court agreed, and by order entered March 25, 2024, the court reinstated Bracken's post-conviction appellate rights.[2]

---

[1] In an order entered December 14, 2023, the court noted that second plea counsel was on extended leave and therefore appointed third PCRA counsel.

[2] Before reinstating Bracken's post-conviction appellate rights, the court questioned Bracken to make sure he wished to pursue this avenue of relief. **See** N.T., 3/25/14, at 19.

We note that Bracken raised his PCRA counsel ineffectiveness claim in an untimely second petition. Second PCRA counsel filed an amended PCRA petition on Bracken's behalf on July 7, 2023. Among the issues raised was the claim that first PCRA counsel was ineffective for failing to perfect the appeal from the denial of Bracken's first PCRA petition. Second PCRA counsel did not discuss the timeliness issue, other than to state that Bracken's PCRA petition remained pending.

In the pro se second PCRA petition Bracken filed on May 5 2022, however, Bracken asserted that first PCRA counsel had abandoned him and, under **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), such abandonment constituted a newly discovered fact that met the PCRA exception. **See** 42 Pa.C.S.A. 9545(b)(1)(ii). Bracken also cited our Supreme Court's in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), to support his claim that he was challenging first post-conviction counsel's ineffectiveness at his first opportunity to do so. The PCRA court granted Bracken relief.

- 4 -

This appeal followed.[3]  Both Bracken and the PCRA court have complied with Appellate Rule 1925.

Bracken now raises the following three issues:

1. [Bracken's] post-conviction counsel was *per se* ineffective in his representation of [Bracken] during both the post-conviction relief stages of the case and the appeals.

2. [Bracken's] former counsel, including trial counsel were ineffective.

3. [Bracken's] probationary sentence is an illegal sentence.

Bracken's Brief at 2.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing these issues, we must first determine what claims are properly before us.  In his first two issues, Bracken attempts to present layered claims of ineffectiveness regarding the validity of his guilty plea. However, because the PCRA court's 2024 order reinstated Bracken's right to

---

[3] Bracken stated in his notice of appeal that he was appealing from the March 2024 order.  However, as this order reinstated his post-conviction appellate rights, he is actually appealing from the November 5, 2021 order denying his first PCRA petition.  Accordingly, we have corrected the case caption.

Following the filing of the appeal, third PCRA counsel was permitted to withdraw, and privately retained counsel entered his appearance.

appeal from the 2021 denial of his first PCRA petition, we will review Bracken's claim that plea counsel's ineffectiveness caused him to enter an involuntary guilty plea. *See* Rule 1925(b) Statement, 12/14/21, at 1.[4]

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

---

[4] In his Rule 1925(b) Statement, Bracken also raised a claim regarding the denial of time credit. He does not pursue that issue in this appeal.

Regarding claims of ineffectiveness in relation to the entry of a plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

**Commonwealth v. Kelley**, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

In addressing his assertion that plea counsel was ineffective, the PCRA court first summarized the testimony presented by Bracken and his witnesses, as well as plea counsel, at a May 28, 2021 evidentiary hearing. The court then explained in detail why it found no merit to Bracken's claim:

> In the present case, on August 7, 2014, [Bracken decided to forgo his right to continue with his jury trial proceeding and elected to enter a guilty plea at this case. Upon a review of the record in this case, the Court finds that [plea] counsel completed and reviewed a Guilty Plea Petition with Mr. Bracken. [The] Court also conducted a verbal colloquy to ensure that Mr. Bracken's plea was entered knowingly, intelligently and voluntarily. Nothing in the record or in Mr. Bracken's submissions demonstrate[s] anything to the contrary.
>
> After apprising Mr. Bracken of the nature of the charges, indicating what the Commonwealth would have to prove at trial at each count, and informing him of the maximum penalties at each count, Mr. Bracken pled guilty to Counts Three, Twelve, and Thirteen. When asked whether any threats or promises [had] been made in exchange for his guilty plea, Mr. Bracken responded, "No." When asked why he was pleading guilty, Mr. Bracken replied, "Advice of my counsel and in my best interest." Mr. Bracken indicated that he was satisfied by [plea] counsel's representation of him and indicated that he did not have any questions for [plea] counsel or the Court at that time. At the conclusion of the hearing, the Court accepted the recommendation of the Commonwealth [regarding sentencing] and accepted Mr. Bracken's plea as being knowingly and intelligently made.
>
> Upon review of the Guilty Plea Transcript, the Court likewise finds that Mr. Bracken entered a voluntary plea to the above-referenced charges. Despite Mr. Bracken's contentions to the

- 8 -

contrary, the Court finds no merit to Mr. Bracken's argument that [plea] counsel induced him to enter a guilty plea at this case. As indicated above, [plea counsel], a seasoned attorney, testified at the PCRA hearing that through his representation, he thoroughly went through the case with Mr. Bracken including discussions of character witnesses' testimony and trial strategy, and he believed that Mr. Bracken understood that strategy as he was preparing for trial.

[Plea counsel's] testimony reflects that during the trial, and after the Commonwealth presented testimony, namely the victim's testimony, [plea counsel] and Mr. Bracken reevaluated the situation. Specifically, they discussed the impact of the victim's testimony and the consequences it had on Mr. Bracken's case. This was especially important in light of the fact that [plea counsel] treated this case as a "one witness case" and the victim was characterized "as a very good witness." [Plea counsel's] testimony indicated that subsequent to these discussions, Mr. Bracken expressed a desire to enter a plea; however, had Mr. Bracken wanted to continue with the jury trial, [plea counsel] was fully prepared to continue to do so. As Mr. Bracken elected to plead guilty prior to the Commonwealth closing its case, [plea counsel] did not have an opportunity to call any character witnesses on Mr. Bracken's behalf. The Court finds that Mr. Bracken was not prejudiced by the absence of the witnesses' testimony, nor was he denied a fair trial.

Despite Mr. Bracken's argument that he was induced into entering a guilty plea for fear that his then wife would be criminally charged, the Court finds no evidence to support Mr. Bracken's allegation. In fact both [plea counsel] and [the former assistant district attorney]'s testimony oppose that notion. . . . The Court finds the testimony of [plea counsel] and [the former assistant district attorney] to be credible.

To the contrary, the Court finds Mr. Bracken's testimony at the PCRA hearing to be incredible and unsupported by the record. In fact, during the Guilty Plea Hearing, the Court asked Mr. Bracken whether any threats or promises [had] been made in exchange for his guilty plea and he responded, "No." The same holds true for Mr. Bracken's averments that he was misled into entering a guilty plea for more time than was negotiated as part of the plea agreement. [Plea counsel's] testimony reflected that he discussed the plea offer with Mr. Bracken and Mr. Bracken's sister, and he did not remember the discussion involving credit for

time served.  [The former assistant district attorney] confirmed that she had discussions with [plea counsel]  regarding a revised plea offer, and her testimony reflects that she adamantly opposed any credit for time served on house arrest.  Despite Mr. Bracken's testimony at the PCRA Hearing that he "expressed shock and confusion" as to the recommended sentence offered by the Commonwealth at the time of entry of his plea, the Guilty Plea Hearing Transcript is [de]void of any evidence to support his contention . . . .  Absent any evidence to the contrary, the Court finds that Mr. Bracken was not prejudiced by [plea counsel's] actions or inactions, rather [plea counsel's] actions throughout his representation of Mr. Bracken, including the jury trial and guilty plea proceedings [that] were designed to effectuate Mr. Bracken's interest.

PCRA Court Opinion, 12/20/21, at 9-12 (citations to record omitted).

Our review of the record supports the PCRA court's conclusions.  In arguing to contrary, Bracken essentially reiterates the claims that the PCRA court rejected in the above comments, and asserts that the PCRA court "relied too heavily upon [the] court colloquy conducted with Bracken at the time the plea was entered in denying Bracken relief."  **See** Bracken's Brief at 13-14.  We cannot agree.

In making these assertions, Bracken asks this Court to re-evaluate the PCRA court's credibility determinations.  This we cannot do.  **See Commonwealth v. Harmon**, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).  Moreover, Bracken is bound by the statements he made at the time of entering his guilty plea and cannot contradict them now.  **Pollard**, **supra**.  Given the totality of the circumstances surrounding Bracken's entry of his guilty plea, including the written and oral

colloquies, ample evidence supports the PCRA court's conclusion that Bracken's guilty plea was voluntarily, knowingly, and intelligently entered. **Yeomans**, **supra**. Thus, Bracken's first two issues do not entitle him to post-conviction relief.

In his third and final issue, Bracken contends that the PCRA court erred in determining that he raised his illegality of sentence claim based on **Simmons**, in an untimely PCRA petition without establishing a time-bar exception.

Initially, we note that Bracken's illegality of sentence claim was not raised in his first PCRA petition. Thus, it is outside the scope of the relief the PCRA court granted in 2024, *i.e.*, the reinstatement of his post-conviction appellate rights. Nonetheless, our review of the record supports the PCRA court's conclusion that Bracken raised the challenge to the legality of his sentence in an untimely PCRA petition. Although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. **Commonwealth v. Taylor**, 65 A.3d 426 (Pa. Super. 2013).

In determining that Bracken's illegality of sentence claim was raised in an untimely PCRA petition, the court determined that this Court's decision in **Simmons**, **supra**, could not be retroactively applied to benefit Bracken. PCRA Court Opinion, 8/23/22, at 6-7. Bracken asserts that this was error, because **Simmons**, as well as our Supreme Court's subsequent decision in **Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023), "created a new

- 11 -

substantive right which implicated fundamental fairness." Bracken's Brief at 20. We cannot agree. Recently, in **Commonwealth v. Diaz**, 314 A.3d 852 (Pa. Super. 2024), this Court confirmed that neither this Court, nor our Supreme Court in **Rosario**, has held **Simmons** or **Rosario** to recognize a new constitutional right that applies retroactively. **See Diaz**, 314 A.3d at 855 (listing prior decisions in which this Court has declined to give retroactive effect to **Simmons** or **Rosario**).

In sum, Bracken's claim that plea counsel provided ineffective assistance regarding the entry of his guilty plea is meritless, and because his judgment of sentence became final long before the decisions in **Simmons** and **Rosario**, Bracken's challenge to the legality of his sentence fails. We therefore affirm the PCRA court's order denying Bracken post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/15/2025

- 12 -