J-S14043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG MASSEY | : | |
| | : | |
| Appellant | : | No. 1277 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005173-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG MASSEY | : | |
| | : | |
| Appellant | : | No. 1278 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002385-2017

BEFORE:  DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 9, 2025**

In these consolidated appeals,[1] Craig Massey appeals from the April 3,

2024 aggregate judgment of sentence of 1½ to 3 years' imprisonment

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 1277 EDA 2024 and 1278 EDA 2024 were consolidated by **per curiam** order of this Court on July 9, 2024.

imposed following the revocation of his probation and re-sentencing for retail theft.[2] After careful review, we affirm the judgment of sentence.

The underlying factual history of this case is not relevant to our disposition and need not be reiterated here. The trial court summarized the procedural history of this case as follows:

> On April 1, 2014, Appellant was arrested and charged with [retail theft] on docket CP-51-CR-0005173-2014. On June 26, 2014[,] Appellant entered into a negotiated guilty plea and pled guilty to one count of [retail theft], graded as a third-degree felony. Judge Rayford A. Means sentenced Appellant to one year of intermediate punishment followed by two years reporting probation, forty hours of community service, and six months of house arrest.
>
> A bench warrant was issued for Appellant on December 31, 2014, subsequent to an arrest in Montgomery County. Appellant was returned to Philadelphia County on June 16, 2015, and had his detainer lifted on June 26, 2015. At Appellant's violation of probation hearing on September 18, 2015, Judge Means continued his probation.
>
> On December 21, 2017, Appellant was arrested and charged with [retail theft] and [criminal conspiracy] on docket CP-51-CR-0002385-2017. On May 22, 2017, Appellant entered into a negotiated guilty plea and pled guilty to one count of [retail theft], graded as a third-degree felony. Judge Means sentenced Appellant to three to twenty-three months of incarceration followed by three years of reporting probation. Appellant was immediately paroled. Appellant was also found to be in violation of his 2014 matter probation. His 2014 matter probation was

_____

[2] 18 Pa.C.S.A. § 3929(a)(1).

revoked, and he was resentenced to five years of reporting probation.

Appellant failed to appear to three probation appointments and therefore a bench warrant was issued on December 3, 2017. At the violation of probation hearing for Appellant's absconding his probation on both his 2014 matter and 2017 matter was continued. However, Appellant failed to appear at probation following his hearing that day.

On January 31, 2018, Appellant was arrested in Montgomery County. Philadelphia County was made aware of his arrest on February 1, 2018, and a bench warrant for Appellant was issued.

Following his arrest Appellant was released, however, he was arrested again on February 15, 2018. At Appellant's violation of probation hearing on December 6, 2018, he was found to be in direct violation. His probation was revoked on his 2014 matter and 2017 matter. Appellant was resentenced on both matters to five years of reporting probation.

Appellant, again absconded from supervision, resulting in a bench warrant being issued on February 1, 2018. On February 14, 2019, Appellant received good notice for his violation hearing scheduled for March 18, 2019. Appellant failed to appear at the hearing and a judge only bench warrant was issued.

After missing his hearing, Appellant was arrested in Philadelphia County on June 5, 2019. The violation of probation hearing for the arrest took place on September 25, 2019. At the hearing, his probation for his 2014 matter and 2017 matter was continued.

On September 30, 2019, Appellant was transferred to Montgomery County where he was in custody until February 5, 2020. Appellant once again absconded, and a bench warrant was issued on July 1, 2021. He was then arrested in Montgomery County on August 18, 2021. Appellant was returned to Philadelphia custody on May 4, 2022, to attend his violation

- 3 -

> hearing scheduled for July 13, 2022. At the violation hearing, probation was continued for both Appellant's 2014 matter and 2017 matter.
>
> Appellant failed to report to probation within seventy-two hours of being released on July 13, 2022. On December 18, 2022, a bench warrant was issued due to him absconding. Later, on August 27, 2023, Appellant was arrested in Chester County, Pennsylvania. Appellant was brought down from Chester County custody on April 4, 2024, for a violation of probation hearing. This matter we re-assigned to this Court due to the retirement of Judge Means. On April 4, 2024, this Court revoked Appellant's probation for his 2014 matter and 2017 matter. Appellant was then resentenced to nine to eighteen months of incarceration for both matters to run consecutive to each other, totaling one and half to three years of incarceration.
>
> Appellant filed a post-sentence motion to reconsider the sentence imposed for both matters on April 11, 2024. This Court denied [Appellant's] motion to reconsider the sentence on May 3, 2024.

Trial court opinion, 7/2/24 at 1-4 (footnotes, extraneous capitalization, and some parentheses omitted).[3]

This timely appeal followed. On May 10, 2024, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On May 30, 2024, Appellant filed a timely Rule 1925(b) statement. The trial court filed its Rule 1925(a) opinion on July 2, 2024.

_____

[3] The trial court opinion does not contain pagination. For the ease of our discussion we have assigned each page a corresponding number.

- 4 -

Appellant raises the following issue for our review:

> [1.] As to CP-51-CR-0002385-2017, where the original sentences imposed on Appellant consisted of concurrent terms of incarceration of 3 to 23 months[' imprisonment] followed by 3 years' probation, and where Appellant was still serving the parole portion of those sentences when the probation portions of those sentences were unlawfully anticipatorily revoked, with new sentences of 5 years' probation then imposed, did not the sentencing court instantly impose illegal sentences after revocation of those 5 years' probations since the current sentences derive from illegal sentences that resulted from anticipatory revocation?

Appellant's brief at 3.

It is well settled in this Commonwealth that "[i]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted). A "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa.Super. 2014) (citation omitted), *appeal denied*, 109 A.3d 678 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly

unreasonable decision." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 184 A.3d 944 (Pa. 2018).

Appellant's claim implicates the legality of his sentence. Specifically, Appellant contends that his probation revocation sentence is illegal because it derives from a prior probationary sentence that was the result of an anticipatory revocation of probation that is prohibited by ***Commonwealth v. Simmons***, 262 A.3d 512 (Pa.Super. 2021) (***en banc***), and ***Commonwealth v. Rosario***, 294 A.3d 338 (Pa. 2023). Appellant's brief at 8. For the following reasons, we disagree.

A challenge to the legality of a sentence "presents pure question of law. Our standard of review is ***de novo*** and our scope of review is plenary." ***Commonwealth v. Succi***, 173 A.3d 269, 284 (Pa.Super. 2017) (citations omitted), ***appeal denied***, 188 A.3d 1121 (Pa. 2018).

In ***Simmons***, an ***en banc*** panel of this Court overruled decades of precedential case law and held that a trial court may not anticipatorily revoke an order of probation if conduct giving rise to a violation of probation occurred after sentencing but before the period of probation had begun. ***Simmons***, 262 A.3d at 527. In ***Rosario***, our Supreme Court approved the ruling in ***Simmons***, concluding that a defendant may not be penalized for a violation of a probation sentence he has not begun to serve. ***Rosario***, 294 A.3d at 350. The ***Rosario*** Court emphasized that "the anticipatory revocation of a

probation sentence that has yet to start is illegal under Pennsylvania law." *Id.* at 356; *see also* 42 Pa.C.S.A § 9771 (governing revocation of probation).

Instantly, the trial court found no merit to Appellant's claim that his current revocation sentence is illegal because his prior probationary sentence was the result of anticipatory revocation. The trial court reasoned as follows:

> On December 6, 2018, Judge Rayford A. Means found Appellant in direct violation of his parole and revoked his parole and probation. Appellant was resentenced to a new five-year probation period starting that same day and ending on December 6, 2023 (hereinafter "2018 revocation sentence"). Appellant's 2018 revocation sentence occurred while he was still serving the parole period of the sentence. However, because the revocation occurred in 2018, three years prior to *Simmons*, and four years prior to *Rosario*, and their holdings do not retroactively take effect, his sentence was not violative of the law.
>
> Further, the only sentence this appeal concerns is the one imposed by this Court on April 3, 2024. The 2018 revocation sentence was continued twice between then and this Court's revocation sentence. On September 25, 2019, the court continued Appellant's five-year probation sentence. Again, on July 13, 2022, the court continued the five-year probation sentence. Appellant had the opportunity to assert that the 2018 revocation sentence was illegal on July 13, 2022, following the *Simmons* decision. However, Appellant was silent on this issue. The 2018 revocation sentence had long been final at its revocation on April 3, 2024.

Trial court opinion, 7/2/24 at 9 (footnotes omitted).

Following our careful review, we find no error in the trial court's assessment. In *Commonwealth v. Diaz*, 314 A.3d 852 (Pa.Super. 2024), *appeal denied*, 332 A.3d 1182 (Pa. 2025), a panel of this Court recently

addressed whether a defendant may challenge a sentence that is based on anticipatory violation of probation after the sentence has become final. *Id.* at 853-854. The *Diaz* Court emphasized that neither the *Simmons* Court, nor our Supreme Court in *Rosario*, held that a trial court may apply their holdings regarding anticipatory revocation of probation retroactively:

> To begin, this Court did not expressly hold in *Simmons* that the prohibition on anticipatory revocations would apply to sentences imposed before that case was decided and our Supreme Court was likewise silent in that regard in *Rosario*.

*Id.* at 855.

This Court, albeit in non-precedential decisions, has repeatedly refused to apply *Simmons* and *Rosario* retroactively. *See e.g., Commonwealth v. Frye*, 309 A.3d 1046 (Pa.Super. 2023) (unpublished memorandum at *3) (stating, "[o]ur ruling in *Simmons* was not held to be retroactive[.]"); *Commonwealth v. Peiffer*, 329 A.3d 658 (Pa.Super. 2024) (unpublished memorandum at *2) (stating, "in accordance with Pennsylvania law, *Simmons* does not retroactively apply to [Appellant's] sentence."); *Commonwealth v. Wells*, 309 A.3d 1063 (Pa.Super. 2023) (unpublished memorandum at *2) (stating, "*Rosario* has not been held to apply retroactively."), *appeal denied*, 325 A.3d 456 (Pa. 2024); *Commonwealth v. Carter*, 326 A.3d 473 (Pa.Super. 2024) (unpublished memorandum at *3) (same); *Commonwealth v. Youn*, 321 A.3d 995 (Pa.Super. 2024)

(unpublished memorandum at *4) (same), **appeal denied**, 329 A.3d 1127 (Pa. 2024).

Applying these principles to this case, we find that the trial court properly sentenced Appellant. The revocation sentence Appellant challenges on appeal occurred on December 6, 2018, three years prior to **Simmons**, and four years prior to **Rosario**. As recognized by the trial court, Appellant failed to challenge his prior revocation sentence on the grounds that the trial court lacked the authority to find that Appellant anticipatorily violated probation. To the extent that we may review Appellant's current sentence, we may only do so pursuant to 42 Pa.C.S.A. 9771(b). Since the trial court sentenced Appellant to the sentencing alternatives that were available when the court originally sentenced Appellant on his retail theft conviction, we find that the sentence is a legal sentence.[4, 5]

_____

[4] As a general rule, "upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing…." **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. 9771(b).

[5] Appellant, by his own admission, has acknowledged that he is only challenging the current revocation sentence imposed at CP-51-CR-0002385-2017 on appeal. **See** Appellant's brief at 4, n.1 (stating, "it should be noted that Appellant only challenges in this brief the current revocation sentence imposed at CP-51-CR-0002385-2017."). As noted above, Appellant was sentenced at CP-51-CR-0002385-2017 to 3 to 23 months' imprisonment, followed by 3 years' reporting probation, following his negotiated guilty plea to retail theft, graded as a felony of the third-degree. As best we can discern from the record before us, Appellant was immediately paroled in this matter. **See** Negotiated Guilty Plea, 5/22/17; Sentencing Order, 5/22/17. Thus, *(Footnote Continued Next Page)*

Based on the foregoing, we agree with the trial court that Appellant's claim that his probation revocation sentence is illegal is entirely devoid of merit. Accordingly, we affirm the April 3, 2024 judgment of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/9/2025

_____

Appellant's revocation sentence of 9 to 18 months' imprisonment imposed by the trial court at CP-51-CR-0002385-2017, is well within the statutory maximum. **See** 18 Pa.C.S.A. § 3929(b)(1)(iv) (stating, "[r]etail theft constitutes a ... [f]elony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise[ ]"); and 18 Pa.C.S.A. § 1103(3) (stating that, the maximum sentence for a third-degree felony is seven years' imprisonment). **See also Commonwealth v. Lucky**, 229 A.3d 657, 669 (Pa.Super. 2020) (noting that the statutory maximum for retail theft, graded as a felony of the third-degree, is 7 years' imprisonment); **Commonwealth v. Shamberger**, 788 A.2d 408, 419 (Pa.Super. 2001) (same), **appeal denied**, 800 A.2d 932 (Pa. 2002). It should be noted that neither party, nor the trial court, specifically address any of this as it was not raised as an issue.