J-S23012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIL RUEDAS | : | |
| | : | |
| Appellant | : | No. 2075 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000707-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIL RUEDAS | : | |
| | : | |
| Appellant | : | No. 2076 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000781-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIL RUEDAS | : | |
| | : | |
| Appellant | : | No. 2077 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0012937-2015

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 21, 2025**

Appellant, Danil Ruedas, appeals from the judgment of sentence imposed on July 3, 2024, by the Court of Common Pleas of Philadelphia County following revocation of his probation and resentencing. Although Appellant filed notices of appeal on three dockets, he has limited his appeal to CP-51-CR-12937-2015 / 2077 EDA 2024. *See* Appellant's Brief, at 4. Upon review, we remand for a supplemental 1925(a) opinion.

The facts are not in dispute. On March 1, 2016, Appellant entered a negotiated guilty plea to one count of manufacture, delivery, or possession with intent to manufacture or deliver ("PWI"). He was sentenced to nine to 23 months of incarceration, followed by three years of probation, and was immediately paroled. On June 22, 2016, the trial court revoked Appellant's probation and parole due to Appellant's failure to report to the probation and parole department. Appellant was resentenced to 11 ½ to 23 months of incarceration, followed by five years of probation. He was paroled on April 13, 2017.

In December 2020, Appellant was arrested and charged with PWI and intentional possession of a controlled substance by a person not registered at docket number CP-51-CR-781-2021 ("2021 case"). In October 2021, Appellant was again arrested on identical charges at docket number CP-51-CR-707-2022 ("2022 case"). On December 28, 2021, Appellant entered a negotiated plea in the 2021 case. Sentencing was deferred. At the time of Appellant's sentencing in the 2021 case, he entered a negotiated plea in the

- 2 -

2022 case. In each case, the trial court sentenced Appellant to 11 ½ to 23 months of incarceration, followed by two years of consecutive probation. He was immediately paroled on both dockets. Although both cases were direct violations of Appellant's 2015 sentence, no sanction was imposed, and the trial court continued his probationary sentence.

Thereafter, Appellant reported to the probation and parole department as scheduled in May and June 2022. He missed an appointment in July 2022, and an absconder warrant was issued on September 30, 2022. The warrant was served on December 30, 2022, and Appellant was detained until January 10, 2023. He reported to probation as scheduled in January, February and March 2023. He missed an appointment in April 2023, and an absconder warrant was issued on May 18, 2023. The warrant was served on March 8, 2024, and Appellant was detained until the violation hearing on July 3, 2024. At that time, the trial court found Appellant in technical violation of his probation on the 2015 case, revoked his probation and resentenced him to one to two years of incarceration. Appellant filed a post-sentence motion, which was denied by the trial court. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Was not the current revocation sentence on CP-51-CR-12937-2015 illegal because it derives from a prior illegal revocation sentence that was imposed following an anticipatory revocation of probation?

2. In imposing sentence on CP-51-CR-12937-2015, did not the lower court err by violating the spirit and language of 42 Pa.C.S.[A.] § 9771(c) as it did not demonstrate that Appellant cannot be safely diverted from total confinement through less restrictive means, and did the court incorrectly apply the recidivist punishment scheme for a third or subsequent violation when Appellant had one prior technical violation under 42 Pa.C.S.[A.] § 9771(c)?

3. Did not the lower court err and abuse its discretion by sentencing [Appellant] to an unreasonable sentence by failing to give proper consideration to [Appellant's] medical, mental health and substance abuse problems and recovery, and as a result is the sentence contrary to the fundamental norms underlying the sentencing process and manifestly unreasonable and excessive?

Appellant's Brief, at 3-4.

In his first issue, Appellant claims that his sentence is illegal because it derives from a prior probationary sentence that was the result of an anticipatory revocation of probation that is prohibited by **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), and **Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023). **See** Appellant's Brief, at 22-29.

Appellant's claim implicates the legality of his sentence. As such, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Verma**, 334 A.3d 941, 951 (Pa. Super. 2025). We are guided by the following principles:

A court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence. In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment.

When considering a sentence imposed after a court has revoked probation, we can review the validity of the revocation

- 4 -

proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed.

*Commonwealth v. Diaz*, 314 A.3d 852, 854 (Pa. Super. 2024) (citations omitted).

In *Simmons*, an *en banc* panel of this Court overruled decades of precedential case law and held that a trial court may not anticipatorily revoke an order of probation if the conduct giving rise to a violation occurred after sentencing, but before the probationary period had begun. *Simmons*, 262 A.3d at 527. In *Rosario*, our Supreme Court approved the ruling in *Simmons*, concluding that a defendant may not be penalized for violation of a probation sentence he has not begun to serve. *Rosario*, 294 A.3d at 356 (Pa. 2023).

Thereafter, in *Diaz*, a panel of this Court was tasked with determining if *Simmons* and *Rosario* applied retroactively. We determined they did not and explained:

> [T]his Court did not expressly hold in *Simmons* that the prohibition on anticipatory revocations would apply to sentences imposed before that was decided, and our Supreme Court was likewise silent in that regard in *Rosario*. In subsequent, albeit non-binding decisions, this Court has declined to give *Simmons* and *Rosario* retroactive effect. *See e..g., Commonwealth v. Frye*, Nos. 493 EDA 2023, 494 EDA 2023, 2023 WL 7549295 (Pa. Super. November 14, 2023) (unpublished memorandum) ("Our ruling in *Simmons* was not held to be retroactive[.]"); *see also Commonwealth v. Wells*, No. 2786 EDA 2022, 2023 WL 8058046 (Pa. Super. November 20, 2023) (unpublished memorandum) ("*Rosario* has not been held to apply retroactively."). Appellant has not acknowledged those decisions, much less distinguished them in his brief.

- 5 -

*Diaz*, 314 A.3d at 855.

Here, Appellant's prior revocation occurred in 2016, three years prior to *Simmons*, and four years prior to *Rosario*. Thus, as the trial court correctly found, Appellant's 2016 revocation was not illegal because neither *Simmons* nor *Rosario* apply retroactively.[1] *See Diaz*, *supra*. As such, his current sentence was not illegal on the basis that it was derivative of a prior revocation, and thus, no relief is due.

In Appellant's second and third issues he challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. *Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. *Id.* Thus, an appellant must invoke our jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3)

---

[1] Appellant acknowledges that *Diaz* is dispositive of this issue. *See id.* at 23, n.1. Nevertheless, he contends that *Diaz* did not address the specific issue raised here – that *Rosario* did not create a new rule of law and instead, clarified the plain language of the statute; therefore, the holding of *Rosario* applies retroactive to the enactment of the statute. *See id.* at 23-27. He relies upon *Fiore v. White*, 757 A.2d 842 (Pa. 2000) to support his position.

"This panel is bound by existing precedent and, therefore, lacks the authority to overturn another panel decision." *Commonwealth v. May*, 217 A.3d 475, 482 (Pa. Super. 2022). Until our Supreme Court, or an *en banc* panel of this Court, rules on this issue, *Diaz* remains good law. *See Rosario*, 294 A.3d at 352 (an *en banc* panel of this Court authorized to overrule a three-judge panel decision of the same court).

whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id.***

Here, Appellant filed a timely notice of appeal, preserved the issue in a motion to modify sentence and his brief does not have a fatal defect. Therefore, we must determine whether Appellant raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015).

In his Rule 2119(f) statement, Appellant contends the court violated the express provisions of the sentencing code and imposed an excessive sentence in contravention of the fundamental norms underlying the sentencing process. ***See*** Appellant's Brief, at 9-16. Specifically, Appellant argues that (1) the court imposed a sentence of total confinement for technical violations of probation when the prerequisites in 42 Pa.C.S.A. § 9771(c) were not met; and (2) the sentence was manifestly excessive and does not fulfill the requirements of 42 Pa.C.S.A. § 9721(b). ***See id.*** We conclude that Appellant has raised a

substantial question as to each claim. *See Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (substantial question presented "when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation"); *Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016) (a claim that the sentencing court failed to consider the factors set forth in Section 9721(b) raises a substantial question).

We review the imposition of a sentence following revocation for abuse of discretion. *Commonwealth v. Starr*, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citation omitted). Subject to statutory limitations, "upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S.A. § 9771(b). However, Section 9771 was recently amended to institute "a presumption against total confinement for technical violations[2] of probation" and provides specific technical violations that would overcome the presumption. 42 Pa.C.S.A. § 9771(c). Notably, it removed the provision authorizing a court to impose a total confinement sentence if it was "essential to vindicate the

_____

[2] Our legislature has defined "technical violation" as "[a] violation of the specific terms and conditions of a defendant's probation, other than by commission of a new crime which the defendant is convicted or found guilty[.]" 42 Pa.C.S.A. § 9774.1(k) (definitions); *see also* 204 Pa.Code § 307.1(b) (defining the term as "[f]ailure to comply with terms of an order of probation, other than by the commission of a new offense of which the person is convicted.").

authority of the court."  42 Pa.C.S.A. § 9771(c)(3) (effective Dec. 18, 2019, to June 10, 2024).

Newly amended Section 9771 authorizes the court to impose a sentence of total confinement only if:

(i)   the defendant has been convicted of another crime;

(ii)  the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

(iii) the court finds by a preponderance of evidence that the defendant committed a technical violation and any of the following apply:

   (A)   The technical violation was sexual in nature.

   (B)   The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

   (C)   The technical violation involved possession or control of a firearm or dangerous weapon.

   (D)   The technical violation involved the manufacture, sale, delivery or possession with intent to manufacture, sell or deliver, a controlled substance or other drug regulated under . . . The Controlled Substance, Drug, Device and Cosmetic Act.

   (E)   The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

   (F)   The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate

> occasions and the defendant cannot be safely diverted from total confinement through less restrictive means.

42 Pa.C.S.A. § 9771(c)(1). If the court finds a defendant in technical violation, the following shall apply:

> The defendant shall be sentenced [to total confinement] as follows:
>
> (i) For a first technical violation, a maximum period of 14 days.
>
> (ii) For a second technical violation, a maximum period of 30 days.
>
> (iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

42 Pa.C.S.A. § 9771(c)(2). Our General Assembly indicated that the amendments to Section 9771 "apply to individuals sentenced or resentenced on or after" its effective date. **See** § 5 of 2023, Dec. 14, P.L. 381, No. 44 (effective June 11, 2024).

Here, the trial court imposed a sentence of total confinement pursuant to Subsection 9771(c)(2)(iii) having found that Appellant committed multiple technical violations of his probation by absconding. However, the trial court failed to specify which provision of Subsection 9771(c)(1) applied to Appellant's technical violations. Based on the language used in its 1925(a) opinion, it appears that the trial court erroneously relied upon the prior version of Section 9771 when it imposed a total confinement sentence.

During Appellant's revocation hearing, the court noted that it took into consideration that Appellant has family support; therefore, a lengthy sentence

would not "vindicate the authority of the court[,]" language used in the prior version of the statute. N.T. Hearing, 7/3/24, at 13. Since Appellant's revocation hearing occurred after the amendment's effective date, Section 9771, as amended, is applicable to the instant case. Therefore, we remand this matter for the trial court to supplement its 1925(a) opinion with an analysis of the current version of Section 9771 as it applies to this case.[3]

Case remanded with instructions. Jurisdiction retained.

_____

[3] Based on our disposition, we need not address Appellant's third issue at this time.